THOMAS O'CONNELL
vs.
EDWARD F. DELLERT, ET AL.

Superior Court          Hartford County          File #49938

Present:  Hon. ALLYN L. BROWN, Judge.

D. R. Woodhouse,          Attorney for the Plaintiff.

A. E. Bro Smith,
Warren Maxwell,          Attorneys for the Defendant.

## MEMORANDUM FILED OCTOBER 9, 1935.

BROWN, J. In this action the plaintiff joins three defendants in his action for damages for personal injuries sustained when he was struck by automobiles as he was proceeding easterly on foot across Main Street in Hartford, at about 9:30 o'clock P. M., on July 9, 1934, for the purpose of boarding a trolley car which was proceeding southerly. The evidence discloses that he was struck a glancing blow, which did no injury of consequence, by a Dodge car proceeding southerly, driven by the defendant Manchetto, and that immediately thereafter, as he was picking himself up from the street, he was struck by a Packard car, also driven southerly

by the defendant Byron, who had possession of the car at the time with the consent of the defendant Dellert, who had entered into an agreement to sell the car to Byron who had made a payment on account.

On April 13, 1935 the defendants Byron and Manchetto were defaulted for non-appearance, so that the trial, which was contested upon the facts by the defendant Dellert, was in fact but a hearing as to damages as to the other two defendants. I find that no sufficient evidence to establish any damage to the plaintiff, resulting from the acts of the defendant Manchetto, was presented. Accordingly the default as to him is ordered opened and judgment may be entered in his favor.

As to the other two defendants, the evidence is undisputed that at about 6:30 o'clock P. M. on the day in question the defendant Byron received possession of the Packard car from the defendant Dellert, "to try it out", Dellert having agreed to sell the car to Byron for $45.00, part of which sum had been paid on account at the time when possession was so delivered. It is also undisputed that at the time the defendant Dellert permitted the defendant Byron to use the registration plates of the former upon the car, during this try-out.

Upon the undisputed evidence, I find that the brakes upon the Packard car at the time when it was so delivered to Byron were grossly defective and thoroughly inadequate to properly control and stop the car should an emergency stop be required when operated upon the highways, and that Dellert was fully cognizant of this fact, and of the further fact that Byron intended to operate the car forthwith upon the highways without having said brakes repaired or adjusted before so operating it. I further find in this connection that Dellert gave Byron no warning of this defective condition of the brakes.

The presence of Dellert in the Court room throughout the trial and the failure of his counsel to call him to the stand to testify with regard to these matters, confirm the inference warranted by the other evidence in the case to the foregoing effect.

I further find upon the disputed evidence that the defendant Byron was negligent in several of the respects alleged in paragraph 7 of the complaint and that such negligence was

a substantial factor in producing the accident and the plaintiff's injuries. I further find that the defendant Dellert was negligence in delivering the car to Byron with the brakes in the defective condition in which they were, under the circumstances as they existed, and that this negligence of Dellert's was also a substantial factor in producing the accident and the plaintiff's injuries.

I further find that the plaintiff upon the disputed evidence was free from any contributory negligence. I therefore conclude that the defendants Dellert and Byron are both liable in this action.

I hold this to be true under the principle stated in §388 at **page 1039 of Volume 2 of the Restatement of the Law of Torts** to the effect that, "one who supplies directly or through a third person a chattel for another to use, is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be in the vicinity of its probable use, for bodily harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier (a) knows or from facts known to him should realize that the chattel is or is likely to be dangerous for the use for which it is supplied; (b) and has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition; and (c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be so." While there is some force to the defendant's (Dellert's) contention that requisite (b) is lacking here, since the use of the car by Byron must have disclosed to him as soon as he tried the brakes, that they were defective, I conclude that this is insufficient to excuse Dellert from liability under the principle stated. This is true because, to put it in the words of Byron on the witness stand, "I knew the brakes were bad but I did not know they were that bad", referring to the revelation of their insufficiency first discovered by him as their failure to operate effectively resulted in his striking of the plaintiff. The situation disclosed, therefore, is one where Dellert perhaps had reason to believe that Byron would discover the brakes were not one hundred per cent effective before the emergency actually arose, but did not have reason to believe that Byron would realize the full danger before such emergency did arise. But were I to conclude that Dellert's liability could not be properly predi-

cated on the principle set forth in §388, the principle set forth in §389 **Idem.** would be sufficient to establish Dellert's liability in this case.

In addition to his pain and suffering, the plaintiff suffered nine months of total disability and five months of partial disability, his average weekly earnings before he was hurt being about $20. per week, and he also incurred doctors' and hospital bills in the aggregate amount of about $166.00. I find that $1500.00 is fair and just compensation for the plaintiff's damage.

Judgment may be entered in favor of the defendant Manchetto, without costs, and in favor of the plaintiff against the defendants Dellert and Byron for $1500.00, plus costs.