[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: DEFENDANT'S MOTION TO STRIKE
On January 16, 1992, the plaintiff, Sportsmen's Paradise, Inc. ("Sportsmen's"), filed an amended complaint against the defendant, Peerless Insurance Company ("Peerless"). The plaintiff alleged that the defendant issued to it an insurance policy, effective from March 15, 1988 to March 15, 1989. On September 21, 1988, a fire caused extensive damage to the plaintiff's insured premises. The plaintiff alleges that it gave the defendant prompt notice of its claim pursuant to the aforementioned policy, and otherwise complied with all obligations thereof.
The defendant assigned defendant employee Derek Hyde, a claim representative, to handle the plaintiff's claim, and Mr. Hyde was supervised by Peerless employee Ina Wimley, also a defendant. The plaintiff claims, in count one, that Peerless, through its agents, servants, and employees, breached the aforementioned insurance contract by, inter alia, failing to provide coverage pursuant to the contract, making false representations regarding the scope of the coverage, and delaying advancements and prompt coverage, thereby exacerbating the business interruption losses incurred by the plaintiff. CT Page 1814
In count three of its complaint, the plaintiff repeats the aforementioned allegations and adds that the positions of the parties with regard to the policy resulted in a justifiable trust being confided in Peerless by the plaintiff, and a resulting superiority and influence on the part of Peerless. Consequently, the plaintiff alleges the existence of a fiduciary relationship between the plaintiff and the defendant whereby the defendant owed the plaintiff a fiduciary duty. The plaintiff alleges that Peerless breached that duty in the same manner articulated in count one, supra, as well as by failing to fully, accurately, and honestly explain and implement the terms, coverage and definitions of the policy.
Count six of the complaint sounds in negligence, alleging that defendants Wimley and Hyde failed to act with reasonable skill, care and diligence in the handling of the plaintiff's claims, resulting in damage to the plaintiff.
On January 27, 1992, the defendants filed a motion to strike counts three and six of the amended complaint and attached thereto a supporting memorandum. On February 3, 1992, the plaintiff submitted a memorandum in opposition to the motion to strike
The motion to strike is provided for in Practice Book Sections 151-158. A motion to strike tests the legal sufficiency of a pleading and "admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). Furthermore, the court is required to construe the facts in the complaint most favorably to the plaintiff when considering a motion to strike. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988).
In their memorandum in support of the motion to strike, the defendants contend that there is no cognizable cause of action for breach of a fiduciary duty in the context of a first party insurance contract. The defendants also claim that no cognizable cause of action in negligence exists against the individual claim representatives of an insurer, as such representatives personally owe no duty to the insured, and because mere negligence is not a basis of liability in a first party insurance case. Consequently, the defendants argue, these counts should be stricken.
The plaintiff, in its opposing memorandum, states that a claim of breach of a fiduciary duty is a factual issue and, therefore, should not be stricken. The plaintiff CT Page 1815 also claims that its negligence claim is a recognizable cause of action and, consequently, the motion to strike should be denied.
COUNT III
The courts of this state first encountered the issue of whether an insurance agent owes a fiduciary duty to an insured in Katz v. Frank B. Hall Co., 3 CSCR 25 (October 30, 1987, Cioffi, J.) The court in Katz stated that "`[b]ecause of the increasing complexity of the insurance industry and the specialized knowledge required to understand all of its intricacies, the relationship between an insurance agent and a client is often a fiduciary one.'" Id. at 25 quoting Sobotor v. Prudential Property and Casualty Insurance., 491 A.2d 737, (N.J.Super.Ct. App. Div., 1984). The "question of whether an agent has a duty to advise an insured about the adequacy of coverage hinges upon whether a special relationship exists between the parties." Winter, supra at 668 citing Stein, Hinkle, Dawe, Etc. v. Continental Cas. 313 N.W.2d 299, 302 (Mich.App. 1981). The existence of such a relationship presents a question of fact, Winter, supra.
Connecticut's courts have chosen not to specifically define "fiduciary relationship." See, e.g., Dunham v. Dunham, 204 Conn. 303, 320, 528 A.2d 1123 (1987). Indeed, "[r]ather than attempt to define `a fiduciary relationship in precise detail and in such a manner to exclude new situations,' [the courts] have instead chosen to leave' the bars down for situations in which there is a justifiable trust confided on one side and a resulting superiority and influence on the other.'" Id. quoting Alaimo v. Royer,188 Conn. 36 41, 448 A.2d 207 (1982). See also Winter v. Nationwide Mutual Insurance Co., 1 CTLR 668 (May 24, 1990, Pickett, J.) Consequently, the question of whether a fiduciary duty exists in the present matter, is a question of fact to be determined by employing the test articulated in Dunham and Alaimo, supra. Because a question of fact is not properly decided on a motion to strike, Winter, supra, the motion to strike count three is denied.
COUNT IV
The defendant also seeks to strike the sixth count of the amended complaint, sounding in negligence. The defendants claim that neither a first party insurer nor its claims representative is liable for mere negligence in the handling of an insured's claim under the policy. Rather, the defendants contend, an insurer or its claims representative must merely avoid acting in "bad faith" to CT Page 1816 avoid liability in a first party insurance context. The defendants apparently rely upon Buckman v. People Express Inc., 205 Conn. 166, 171, 530 A.2d 596 (1977), for this proposition. However, Buckman did not discuss this issue. The Buckman court held that "`bad faith is not simply bad judgment or negligence, but rather . . . implies the conscious doing of a wrong because of dishonest purpose or moral obliquity . . . it contemplates a state of mind affirmatively operating with furtive design or ill will.'" Buckman, supra at 171 quoting the trial court's jury instructions. The complaint in Buckman alleged that the defendant failed to act in good faith with regard to the plaintiff's interests. In the present matter, however, the plaintiff's claim sounds in negligence, not in a breach of an implied duty of good faith and fair dealing. Thus, Buckman is not relevant here. In Scribner v. O'Brien, Inc. 169 Conn. 389, 400, 363 A.2d 160 (1975), however, the court held that "[a] party may be liable in negligence for the breach of a duty which arises out of a contractual relationship." Id. Indeed, the General Statutes appear to anticipate claims predicated upon negligence. See, e.g., General Statutes Section 38a-816 (6)(b), (c), (d), (e) (discussing the failure of an insurance company to act in a reasonable manner.) Thus, merely avoiding acting in "bad faith," as that term is defined in Buckman, is insufficient to avoid liability in a first party insurance context.
The defendants also argue that the individual claim representatives owe a duty of care only to the insurer, not to the insured, and, consequently, the plaintiff cannot bring suit against the claim representatives. However, in Maturo v. Gerard, 196 Conn. 584, 588, 494 A.2d 1199 (1985), the court held that "`[w]here . . . an agent . . . commits or anticipates in the commission of a tort, whether or not he acts on behalf of his principal . . . he is liable to third persons injured thereby.'" Id. quoting Scribner, supra at 404. See also Altieri v. Nanavati, 41 Conn. Sup. 317 319,573 A.2d 359 (1990, Fuller, J.) Thus, pursuant to Maturo and Scribner, supra, the plaintiff can bring suit against Hyde and Wimley as agents of the insurer.
The plaintiff has alleged that Peerless' employees Hyde and Wimnley have engaged in tortious conduct in that they acted negligently, resulting in injury to the plaintiff. See, e.g., Maturo, supra. Furthermore, because merely avoiding acting in "bad faith" is not enough to avoid liability in a first party insurance context, see e.g., General Statutes Section 38a-816 (6), supra, the plaintiff's negligence claim is legally sufficient, and the motion to strike count six is denied. CT Page 1817
DRANGINIS, J.