[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Frenkel Co., Inc. (Frenkel), an insurance broker, pursuant to Practice Book 142, has filed a motion to dismiss the third count of the plaintiff's complaint alleging a violation of General Statutes 42-110a et seq., the Connecticut Unfair Trade Practices Act (CUTPA). Frenkel argues that this court lacks subject matter jurisdiction over the plaintiff's third count because of the expiration of the applicable statute of limitations.
The plaintiff, Putnam Resources (Putnam), a Connecticut limited partnership, is a dealer in precious metals including gold. Putnam brings this action against the defendant, its former insurance broker, claiming breach of contract, tort violations, breach of fiduciary obligations, and also the count in CUTPA that forms the basis for the defendant's motion to dismiss.
As a result of the efforts of defendant Frenkel, the plaintiff obtained insurance from Lloyd's of London (Lloyd's) in September, 1986, against losses of gold which was stored in various locations. A loss amounting to approximately four CT Page 11745 million dollars of gold belonging to plaintiff occurred in July, 1987, at premises owned by Sammartino, Inc., in Cranston, Rhode Island. In January, 1988, Lloyd's notified the plaintiff of its decision to decline coverage because of misrepresentations, based on a failure by the defendant to disclose to Lloyd's, at the time the insurance was applied for, that the plaintiff had suffered two previous losses of gold.
The plaintiff sued Lloyd's in the United States District Court in Rhode Island, seeking to recover for its loss. A verdict in favor of Lloyd's on the ground of misrepresentation for failure to disclose the prior losses was affirmed by the Court of Appeals for the First Circuit. The plaintiff now sues its former insurance broker, the defendant, in this court on the ground that Frenkel is responsible for the failure of the plaintiff to collect on its insurance policy with Lloyd's.
General Statutes 42-110g(f) provides that a CUTPA action "may not be brought more than three years after the occurrence of a violation of this chapter." The defendant claims that any unfair trade practice committed by it occurred in 1986 when it applied to Lloyd's for insurance coverage for the plaintiff, and therefore the statute of limitations expired in 1989. This action began on April 16, 1992. Plaintiff argues that it did not know of, nor could reasonably be expected to have know of or discovered, the alleged unfair trade practice until January, 1988, when Lloyd's advised plaintiff that it was declining coverage because of nondisclosure on the part of the defendant in applying for insurance on plaintiff's behalf and as its agent.
Fichera v. Mine Hill Corporation, 207 Conn. 204, 216,541 A.2d 472 (1988), makes it clear that CUTPA's three year statute commences to run when the deceptive act is committed, not when it is discovered, because of "the legislative intention expressed in42-110g(f) to bar actions for CUTPA violations after the lapse of more than three years from their occurrence." The court distinguished our statute from a "two tiered unfair practices statute, with an alternative provision for bringing suit with a certain time after discovery of the violation . . ." Id., 214-15, note 4.
There is, however, an exception to this general rule where there has been a continuing course of conduct, described in Fichera, Id., 210, as involving "either a special relationship between the parties giving rise to such a continuing duty or some CT Page 11746 other wrongful conduct of defendant related to the prior act." An example of a special relationship is a "fiduciary relationship that might have imposed upon the defendants as the perpetrators of a fraud the continuing duty to disclose their prior lack of candor to the plaintiffs." Id. The plaintiff's complaint describes Frenkel as its insurance broker and accuses the defendant of failure to disclose to Lloyd's material information about its prior losses. "The intentional withholding of information for the purpose of inducing action has been regarded . . . as equivalent to a fraudulent misrepresentation." Pacelli Bros. Transportation, Inc. v. Pacelli, 189 Conn. 401, 407,456 A.2d 325 (1983). According to Gelinas v. Gelinas, 10 Conn. App. 167,173, 522 A.2d 295 (1987), fraudulent nondisclosure "involves the failure to make a full and fair disclosure of known facts connected with a matter about which a party has assumed to speak, under circumstances in which there is a duty to speak."
Whether there is a fiduciary relationship between a plaintiff and a defendant insurance broker such as to toll the statute of limitations until the date when Putnam discovered the nondisclosure by the defendant has not, I believe, been decided by our appellate courts. The Supreme Court in Dunham v. Dunham,204 Conn. 303, 320, 528 A.2d 1123 (1987), declined to define the term "fiduciary" except to say it involved a situation "in which there is a justifiable trust confided on one side and a resulting superiority and influence on the other." A Superior Court decision, however, noted that: "because of the increasing complexity of the insurance industry and the specialized knowledge required to understand all of its intricacies, the relationship between the insurance agent and a client is often a fiduciary one." Winter v. Nationwide Mutual Insurance Co., 1 CTLR 438, 439 (1990), quoting Katz v. Frank B. Hall Co.,3 CSCR 25 (1987). To the same effect is 16a Appleman, Insurance Law and Practice, 8836, at 64-66 (1981), where the agent "holds himself out as a consultant and counselor . . . and is acting as a specialist."
It is not necessary in this case to decide whether Frenkel had a fiduciary relationship with Putnam, thereby tolling the CUTPA statute of limitations, because I believe Frenkel is estopped from claiming the bar of this statute. This is due to the parties to this suit having entered into a written agreement on April 12, 1990, extending the expiration of the CUTPA three year statute of limitations until sixty days after the. termination of the federal litigation in Rhode Island.[1] That CT Page 11747 litigation was concluded when the United States Court of Appeals upheld a jury verdict in favor of Lloyd's and against this plaintiff on February 20, 1992. Plaintiff commenced this action on April 16, 1992, when service was effected on the defendant, which was within sixty days after the final decision. After agreeing to extend a statute of limitations, one would be estopped from repudiating its agreement.
Estoppel in the context of tolling statutes of limitation was described in Morris v. Costa, 174 Conn. 592, 599,392 A.2d 468 (1978), as consisting of two elements: "the party must do or say something that is intended or calculated to induce another to believe in the existence of certain facts and to act upon that belief; and the other party, influenced thereby, must actually change his position or do some act to his injury which he otherwise would not have done."
If the statute had expired in or about September, 1989, three years after the application for insurance was submitted by defendant to Lloyd's, the agreement of April, 1990, was entered into after the statute had already expired. If the statute, on the other hand, did not expire until January, 1991, as plaintiff claims, three years after discovery of the nondisclosure by Frenkel, then the agreement predated the expiration of the statute
The defendant evidently believed the statute had not expired, or otherwise there would have been no reason for it to sign the tolling agreement. The plaintiff gave up its right to file a suit at that point, which could well have been within the statute on the theory that the defendant Frenkel had a fiduciary relationship with the plaintiff, which in turn invoked a continuing duty to disclose its representation to Lloyd's. Plaintiff relied on the letter from Frenkel and did not bring a suit against this defendant upon discovering that Lloyd's had declined coverage, thus satisfying the criterion for estoppel in the context of tolling a statute of limitations, as discussed in Beckenstein v. Potter Carrier Inc., 191 Conn. 150, 160,464 A.2d 18 (1983).
Because the defendant is estopped from claiming the bar of the statute of limitations, the motion to dismiss the CUTPA count of plaintiff's complaint for lack of subject matter jurisdiction is denied CT Page 11748
So Ordered.
Dated at Stamford, Connecticut, this 30 day of December, 1992.
William B. Lewis, Judge