[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Frenkel Co., Inc. (Frenkel), an insurance broker, has filed a motion (#117) to strike the third and fourth counts of the plaintiff's complaint alleging a violation of General Statutes 41-110a et seq., the Connecticut Unfair Trade Practices Act (CUTPA), and a breach of the fiduciary duty owed to the plaintiff, respectively.
The plaintiff, Putnam Resources (Putnam), a Connecticut limited partnership, is a dealer in precious metals including gold. Putnam brings this action against the defendant, its former insurance broker, claiming in a revised complaint dated February 4, 1993, breach of contract and negligence in the first two counts, in addition to the two counts that are the subject of the defendant's motion to strike.
As pointed out in a prior memorandum of decision dated December 30, 1992, involving a motion to dismiss filed by Frenkel, the plaintiff, through the efforts of the defendant, obtained insurance from Lloyd's of London (Lloyd's) in September, 1986, against losses of gold which was stored in various locations. A loss amounting to approximately four million dollars of gold belonging to plaintiff occurred in July, 1987, at premises owned by Sammartino, Inc., in Cranston, Rhode Island. In January, 1988, Lloyd's notified the plaintiff of its decision to decline coverage because of misrepresentations, based on a failure by the defendant to disclose to Lloyd's, at the time the insurance was applied for, that the plaintiff had suffered two previous losses of gold.
The plaintiff sued Lloyd's in the United States District Court in Rhode Island, seeking to recover for its loss. A verdict in favor of Lloyd's on the ground of misrepresentation for failure to disclose the prior losses was affirmed by the Court of Appeals for the First Circuit. The plaintiff now sues its former insurance broker, the defendant, in this court on the ground that Frenkel is responsible for the failure of the plaintiff to collect on its insurance policy with Lloyd's. Plaintiff seeks damages of $15,143,979, in addition to statutory punitive damages under CUTPA, interest, costs and attorney's fees.
"The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988); Practice Book 151. In ruling on a motion to strike, the court is limited to CT Page 6650 facts alleged in the complaint. King v. Board of Education,195 Conn. 90, 93, 463 A.2d 1111 (1985). The court must construe the facts favorably to the pleader. Blancato v. Feldspar,203 Conn. 34, 36, 522 A.2d 1235 (1987). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them and if facts provable under the allegations would support a defense or cause of action, the motion to strike must fail (Citation omitted.)" Alarm Application Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545,427 A.2d 822 (1980).
The defendant argues that count three is legally insufficient for two reasons. The first is that the plaintiff's allegations do not allege a violation of the Connecticut Unfair Insurance Practices Act, General Statutes 38a-815 and 38a-816(6) [CUIPA], which is required to establish a CUTPA violation. The defendant further argues that CUTPA does not apply to ordinary breach of contract and negligence actions. The plaintiff claims in its opposition that it has suffered substantial injury, which is the most important criteria under CUTPA. Additionally, the plaintiff argues that the complaint alleges a material nondisclosure on the part of the defendant, which would amount to a CUIPA violation.
The following criteria are to be employed in determining whether a practice violates CUTPA: "(1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [competitors or other businessmen]. (Citations omitted.)" Vezina v. Nautilus, 27 Conn. App. 810, 818-19,610 A.2d 1312 (1992). A simple contract breach is not sufficient to establish a violation of CUTPA, particularly where a count "simply incorporates by reference the breach of contract claim and does not set forth how or in what respect the defendant's activities are either immoral, unethical, unscrupulous, or offensive to public policy." Aussenhandel v. Grant Airmass Corp.,2 Conn. L. Rptr. 590 (October 17, 1990, Lewis, J.). See also Emlee Equipment Leasing Corp. v. Waterbury Transmission,3 Conn. L. Rptr. 711
(January 24, 1991, Blue, J.); Central Delivery Service of Washington Inc. v. Peoples Bank, 2 Conn. L. Rptr. 449 (October 1, 1990, Goldberg, J.). Similarly, a single act of negligence is not grounds for liability under CUTPA. Caruso v. Rite Aid Corp., 2 CT Page6651 CSCR 532 (April 28, 1987, Spada, J.).
Section 38a-815 of CUIPA [CUTPA] states in relevant part that "[no] person shall engage in this state in any trade practice which is defined in Section 38a-816 as . . . an unfair or deceptive act or practice in the business of insurance. . . ." "A private cause of action exists under CUTPA to enforce alleged CUIPA violations." Lees v. Middlesex Ins. Co., 219 Conn. 644, 654, 594 A.2d 952
(1991); Mead v. Burns, 199 Conn. 651, 663, 509 A.2d 11 (1986). Moreover, "if the complaint, liberally construed, alleges facts which bring the action within the ambit of CUIPA, there is no requirement . . . that the precise applicable sections of CUIPA be specifically pleaded." McNash v. General Accident Insurance Co.,5 CSCR 984, 985 (November 7, 1990, McGrath, J). To allege a CUIPA and CUTPA violation, "the plaintiff must allege that the defendant committed the alleged wrongful acts with such frequency as to indicate a general business practice." Quimby v. Kimberly Clark Corp., 28 Conn. App. 660, 672, 613 A.2d 838 (1992). "[U]nder the guidelines set forth in Mead v. Burns . . . for a plaintiff to allege CUIPA and CUTPA violations successfully the plaintiff must allege more than a singular failure to settle a plaintiff's claim fairly. The plaintiff must allege that the defendant has committed the alleged wrongful acts with such frequency as to indicate a general business practice." (Internal citations and quotations omitted.)
Count three of the plaintiff's complaint simply incorporates the first two counts and alleges that the defendant's conduct "constitutes unfair and deceptive trade practices" in violation of CUTPA. The plaintiff does not allege that the defendant's failure to disclose the plaintiff's prior losses to Lloyd's was part of a general business practice or was "immoral, unethical, or unscrupulous." More than a single act of misconduct by a single person is necessary; see Sansone v. Esis, Inc., 8 CTLR 171 (January 16, 1993, Maicco, J.); since "isolated instances . . . are not so violative of the public policy of this state as to warrant statutory intervention." Mead v. Burns, supra, 666. The plaintiff has not alleged sufficient facts to establish a CUTPA violation. Accordingly, the defendant's motion to strike count three of the plaintiff's complaint is granted.
The defendant argues that count four of the plaintiff's complaint should also be stricken because the plaintiff did not allege the necessary factual predicate to establish the existence of a fiduciary relationship. The plaintiff, in response, argues that the existence of such a relationship is a question of fact. CT Page 6652
"A fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill, or expertise and is under a duty to represent the interest of the other." Dunham v. Dunham,204 Conn. 303, 322, 528 A.2d 1123 (1987). "It has been noted that because of the increasing complexity of the insurance industry and the specialized knowledge required to understand all of its intricacies, the relationship between the insurance agent and his client is often a fiduciary one." Winter v. Nationwide Mutual Ins. Co., 5 CSCR 459 (May 23, 1990, Pickett, J.), quoting Katz v. Frank B. Hall Co., 3 CSCR 25 (October 30, 1987, Cioffi, J.). To the same effect is 16a Appleman, Insurance Law and Practice, 8836, at 64-66 (1981), where the agent "holds himself out as a consultant and counselor . . . and is acting as a specialist." Since the Supreme Court "specifically refused to define a fiduciary relationship in precise detail and in such a manner as to exclude new situations . . .;" Alaimo v. Royer, 188 Conn. 36, 41, 448 A.2d 207 (1982); courts have characterized the issue of whether or not a fiduciary relationship exists between an insured and an insurance broker as a question of fact. See Winter v. Nationwide Mutual Ins. Co., supra; Katz v. Frank B. Hall Co., supra; Sportsmen's Paradise v. Peerless Ins. Co., 6 CTLR 44 (February 6, 1992, Dranginis, J.).
Whether there was the unique degree of trust on one side and superiority and influence on the other side required to establish a fiduciary relationship is a question of fact. A question of fact is not properly decided on a motion to strike. Sportsmen's Paradise v. Peerless Ins. Co., supra, 45. The defendant has failed to satisfy his burden that plaintiff's claim is legally insufficient as a matter of law. Accordingly, the defendant's motion to strike count four of the plaintiff's complaint is denied.
So Ordered.
Dated at Stamford, Connecticut, this 20th day of July, 1993.
WILLIAM BURKE LEWIS, JUDGE