DAVID ABRAMCZYK v. STEPHANIE ABBEY
(AC 20246)

Schaller, Flynn and Hennessy, Js.

---

[13] The plaintiff provides no other support for his argument that § 4-142 (2) applies to this case.

Argued February 22—officially released July 24, 2001

*Thomas P. Willcutts*, with whom, on the brief, was *Douglas A. Cho*, for the appellant (plaintiff).

*Deborah L. Bradley*, with whom, on the brief, was *Frederick L. Monahan, Jr.*, for the appellee (defendant).

*Opinion*

HENNESSY, J. In this premises liability action, the plaintiff, David Abramczyk, appeals from the judgment rendered following the granting of a motion for a directed verdict in favor of the defendant, Stephanie Abbey.[1] The plaintiff claims that the trial court improp-

---

[1] The trial court stated in its decision: "After reviewing the complaint and hearing opening statements and some evidence, it appeared to the court that the plaintiff would be unable to establish the liability of the defendant as a matter of law. Thereafter, the plaintiff completed the presentation of his case using witness testimony, offers of proof and facts to which the defendant stipulated. In addition, the parties agreed that the jury could be excused and that if the court determined to grant the motion for directed verdict, then it could enter judgment for the defendant as if the jury had been directed to enter a verdict in favor of the defendant."

erly (1) ruled that the defendant owed no duty of care with respect to a defect on land within the defendant's possession and control, and (2) directed a verdict for the defendant. We affirm the judgment of the trial court.

The court found the following facts. From the time the defendant purchased the property in 1988 until December 1, 1995, when the plaintiff was injured when he tripped over a raised cast-iron water pipe, the water pipe was located on the defendant's premises, but within a right-of-way owned by the city of Bristol (city). The city had installed the pipe in 1937. The defendant mowed the grass and removed weeds from the area around the pipe but did not engage in any affirmative act to change the condition of the pipe or to conceal the pipe in any way. The court further found that the plaintiff had seen the pipe many times prior to the time of his fall because he frequently had visited his friend, John McKay, who lived in one of the apartments on the defendant's property. Personnel from the Bristol water department (department) were on the defendant's property at least three times per year. At no time, however, did either the plaintiff, McKay, department personnel or the defendant notify the department that the pipe was a hazard.

I

The plaintiff first claims that the court improperly held that the defendant owed no duty of care with respect to the water pipe because it was within the right-of-way for a road owned by the city. Specifically, the plaintiff relies on cases that hold that a landowner, or the one who possesses or controls an unimproved right-of-way on which there is a defect, is liable for injuries resulting from such a defect. The defendant argues that because the pipe is located within the municipal street line, the city bears the duty of reasonable care to keep the area reasonably safe for travelers.

"The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." (Internal quotation marks omitted.) *Mendillo* v. *Board of Education*, 246 Conn. 456, 483, 717 A.2d 1177 (1998). Because the court's determination of whether the defendant owed a duty of care to the plaintiff is a question of law, our standard of review is plenary. *Lodge* v. *Arett Sales Corp.*, 246 Conn. 563, 571, 717 A.2d 215 (1998). Our Supreme Court has stated that "the test for the existence of a legal duty of care entails (1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result, and (2) a determination, on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case. . . . The first part of the test invokes the question of foreseeability, and the second part invokes the question of policy." (Citations omitted; internal quotation marks omitted.) *Mendillo* v. *Board of Education*, supra, 483–84.

The two prongs of the test to establish the existence of a duty are not mutually exclusive of each other. To find that the defendant owed a duty of care to the plaintiff to warn of or to repair the water pipe, the court must have found that the defendant knew or should have known that the exposed pipe constituted a tripping hazard and that, as a matter of public policy, the defendant was required to warn of or to remove the tripping hazard caused by the water pipe.

The court agreed with the plaintiff that a landowner is generally liable for defects on land within its possession and control. The court was not convinced, however, that by mowing the grass around the pipe, the defendant

exercised possession and control of the pipe. To the contrary, the court found that not only was there no evidence presented that the defendant had control over the pipe, but also that the subsequent repair of the pipe constituted evidence of the city's control. The court thus concluded that, as a matter of law, the defendant had no liability for the alleged hazardous condition, which the city created and controlled. We agree.

The evidence proved that the pipe is located immediately adjacent to a walkway on the defendant's property over which the city has a right-of-way. "When our residential streets are laid out, it is common practice to provide space for purposes other than those of ordinary travel. These areas are still part of the street, and the municipality is bound to use reasonable care to keep them in a reasonably safe condition for travelers . . . ." *Chazen v. New Britain*, 148 Conn. 349, 353, 170 A.2d 891 (1961). We agree with the court that the cases relating to public sidewalks are sufficiently analogous to this case, which deals with a public right-of-way located on the defendant's property, as to be controlling on the issue of liability. An abutting landowner is ordinarily under no duty to keep the sidewalk in front of his property in a reasonably safe condition for public travel. *Tenney v. Pleasant Realty Corp.*, 136 Conn. 325, 329, 70 A.2d 138 (1949). An abutting landowner can be held liable, however, in negligence or public nuisance for injuries resulting from the unsafe condition of a public sidewalk caused by the landowner's positive acts. See *Gambardella v. Kaoud*, 38 Conn App. 355, 359, 660 A.2d 877 (1995).

Although the court found that the defendant mowed the lawn around the pipe, there was no evidence that the defendant installed, maintained or engaged in any positive acts involving the pipe other than to trim the grassy area around it. Additionally, there was no evidence presented that showed that the defendant dis-

played possession or control of the pipe. The plaintiff failed to offer any evidence to prove that the defendant's positive acts caused the water pipe to be a tripping hazard. Thus, the defendant is not liable. See id., 359–60.

## II

The plaintiff's second claim is that the court improperly directed the verdict in favor of the defendant. "Our standard of review of a directed verdict is well settled. A trial court should direct a verdict for a defendant if, viewing the evidence in the light most favorable to the plaintiff, a jury could not reasonably and legally reach any other conclusion than that the defendant is entitled to prevail. . . . In assessing the evidence, the court should weigh both direct and circumstantial evidence, including all reasonable inferences to be drawn therefrom." (Citations omitted.) *Harewood* v. *Carter*, 63 Conn. App. 199, 202–203, 772 A.2d 764 (2001). Viewing the facts presented in the light most favorable to the plaintiff, we conclude that, as a matter of law, the court could not reasonably have concluded that the defendant owed a duty to the plaintiff under the circumstances of this case, and, therefore, the court properly rendered judgment in favor of the defendant.

The judgment is affirmed.[2]

In this opinion the other judges concurred.

---

[2] After oral argument in this court, the plaintiff brought to our attention the case of *Ferreira* v. *Pringle*, 255 Conn. 330, 766 A.2d 400 (2001), claiming that it was relevant to the issues in this matter. In *Ferreira*, the plaintiff brought an action against the town and its public officials, among others, for failing to maintain properly a grassy highway shoulder used as a bus stop. The complaint was dismissed because the evidence demonstrated that the plaintiff had failed to comply with the statutory notice requirements of General Statutes § 13a-149. In the present case, the plaintiff brought the action solely against the defendant property owner for failure to remedy a dangerous tripping hazard. The negligence complained of did not implicate the town. Additionally, the plaintiff does not rely on § 13a-149, the defective highway statute. Therefore, *Ferreira* is inapposite to the present case.