[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
On June 14, 2000, the plaintiff, Henry J. Gambuccini, filed this second revised complaint against the defendant, Miller Agency, Inc., alleging the following facts which are not disputed for purposes of the motion for summary judgment. William Mester died on August 20, 1998. Prior to his death, William Mester maintained an automobile insurance policy for his Chevrolet pickup truck with Phoenix Insurance Company, also known as Traveler's Insurance Company (Phoenix). Liability limits under the subject policy were $300,000. Following his death, his wife, Viola Mester (M), reported his death to an agent of the defendant. M alleges that at that time, the defendant's agent accepted payment from her, adding her as a driver to the policy issued in her husband's name, and promised her that the subject policy provided coverage for her in the event that she was involved in a motor vehicle accident. On October 11, 1998, M, driving her own car, a Buick, not covered by the subject policy, was involved in a motor vehicle accident which resulted in the death of Anita Gambuccini. At that time, the subject policy was in full force and effect. By letter dated December 14, 1998, an agent of Pheonix Insurance Company refused to indemnify M because the policy in question did not cover the Buick that she was operating at the time of the accident. On November 6, 1998, Henry Gambuccini, the plaintiff, was appointed executor of Anita Gambuccini's estate.[1]
The plaintiff alleges that the defendant was negligent in that (1) it failed to inform M that the subject policy did not consider her a covered person when she was operating her car, the Buick, when it knew or should have known that Phoenix would not consider her a covered person when she operated her own car, the Buick; (2) it failed to provide $300,000 of liability coverage, which it represented to her that it would do if she was involved in an accident; (3) it impliedly misrepresented to her that she was covered in the amount of $300,000 in the event that she was involved in an accident while driving; (4) it failed to clarify that her coverage under the subject policy was limited to the use of her deceased husband's Chevrolet; (5) it sold a policy to her in her husband's name when it knew he was deceased; (6) it expressly misrepresented to M that she had liability insurance in the amount of $300,000 in the event that she became legally responsible for damages due to an accident while driving. The plaintiff alleges that as a result of the defendant's negligence, it has been denied coverage provided to M in accordance with the terms of the subject policy.
The defendant filed its motion for summary judgment on August 6, 2001, supported by a memorandum of law. The plaintiff filed its objection to the motion for summary judgment on October 17, 2001, supported by a memorandum of law. The defendant filed a memorandum in opposition to the plaintiff's objection to the motion for summary judgment on October 22, 2001.
"[Summary judgment] shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine CT Page 1719 issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." Appleton v. Boardof Education of Stonington, 254 Conn. 205, 209, 713 A.2d 820 (1998). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp.233 Conn. 732, 751, 660 A.2d 810 (1995).
In determining the issues herein, it is important to note what is not in dispute: (1) the Phoenix insurance policy that the plaintiff sold to M's deceased husband, which included M as a driver and carried a limit of $300,000, covered only the Chevrolet pickup, but not the Buick, M's own car; (2) M caused the accident, resulting in the death of the plaintiff's deceased, while driving the Buick car not covered by the subject policy; (3) the Buick was insured by another company, Allstate, and the coverage under that policy was limited to $100,000; and (4) the Phoenix policy, insuring only the Chevrolet pickup, did not, and could not, cover M driving the Buick that was not insured under the subject policy.
It is also important to note that the following issues are not relevant to this case: whether the defendant had breached a duty of care to Viola Mester with regard to the subject policy covering the Chevrolet pickup, and whether it was proper for the defendant to renew the subject policy in the name of the deceased husband of M after being informed of his death.
What is disputed is whether the defendant had an overall fiduciary duty to M that was not limited to its sale of the subject insurance policy to her, which covered only the Chevrolet truck, but not the Buick. Specifically, the parties dispute whether there existed a special relationship between the defendant and M that gave rise to a fiduciary duty on the part of the defendant to advise M that (1) the subject policy did not cover her Buick, and (2) the $100,000 limit on the Allstate insurance policy, covering her Buick, of which the defendant was not an agent, would not be adequate for possible liability arising under that policy.
The defendant argues that the court should grant its motion for summary judgment on the ground that it does not owe a duty of care to M. Specifically, the defendant argues that it did not owe her a fiduciary duty with regard to the Allstate insurance policy covering her Buick, and that it did not have the obligation to inform her of the above two points.
The plaintiff argues in opposition that there are genuine issues of CT Page 1720 material fact as to whether the defendant breached fiduciary duties that it owed to M. Specifically, the plaintiff argues that there was evidence that the defendant had held itself out as an insurance expert or counselor to the public at large, including M. The plaintiff submits a copy of an information brochure prepared by the defendant, which was made available to the public, including M, as evidence that the defendant had held itself out as an expert or consultant.[2] In her affidavit in support of the plaintiff's objection to the motion for summary judgment, M states that she visited the defendant agency, "hoping that they would advise me about obtaining insurance coverage in order to protect me in the event I caused an accident." She also states that she received a copy of the agency's brochure, that she had informed the agents of the defendant that she primarily drove her Buick, and that she "thought [she] was covered in the event that [she] became responsible for an accident" while driving her Buick. Her affidavit concludes by asserting that the defendant had an obligation to advise her to increase the $100,0000 limitation on the Allstate insurance policy on her Buick to $300,000. "If they had told me I needed $300,000.00 on my 1995 Buick as well, I would have increased the coverage from $100,000.00 to $300,000.00, particularly in light of the fact that the 1995 Buick was my primary mode of transportation. In fact, I thought I already had $300,000.00 of protection."
The plaintiff argues that because the defendant had held itself out as an expert to M, it had an obligation to assist its clients when their insurance needs changed. There was evidence that M arrived at the defendant's office and informed its agents that her insurance needs had changed after her husband died. The plaintiff argues that the defendant had an obligation at that time to advise her about her insurance choices, including whether she should change her coverage or limits.
The plaintiff argues further that there is evidence that the defendant knew that M rarely drove the Chevrolet truck and that her primary mode of transportation was her Buick not insured by the subject policy. The defendant knew or should have known that M carried only $100,000 of liability coverage on her Buick. The plaintiff argues that the defendant should have recommended at least that M increase the insurance on her Buick from $100,000 to $300,000, and that the defendant should have informed her that the subject policy did not cover her Buick. The plaintiff argues finally that the court should deny the motion for summary judgment because the existence of a fiduciary duty is usually a question of fact, unfit for summary judgement.
"The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." CT Page 1721 (Internal quotation marks omitted.) Abramczyk v. Abbey, 64 Conn. App. 442,445, 780 A.2d 957 (2001).
The plaintiff relies on such cases as Katz v. Frank B. Hall Co. ofConnecticut, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 084271 (October 30, 1987, Cioffi, J.) (3 CSCR 25), for the proposition that an insurance agent owes a fiduciary duty to an insured. For instance, the court in Katz stated: "because of the increasing complexity of the insurance industry and specialized knowledge required to understand all its intricacies, the relationship between the insurance agent and a client is often a fiduciary one." Id.
The plaintiff's reliance on the case law is misplaced because there was no business relationship between the defendant and M with regard to the Allstate insurance policy covering her Buick. It is not disputed that the defendant was not an agent of Allstate, did not sell that policy to M, and did not service that policy in any way. Because there is no evidence to show that the defendant had an agency relationship with M with regard to the Allstate insurance policy, the plaintiff has not shown that the defendant owed M any duty with regard to that policy, let alone fiduciary duties.
Nor has the plaintiff submitted any evidence to show that the defendant was a fiduciary to M generally with regard to her insurance needs. The affidavit submitted by M only shows that she mistakenly assumed that the $300,000 coverage on the Chevrolet pickup, issued by the defendant to her, should also cover her Buick insured by Allstate. Unless there is evidence that the defendant was responsible for her mistake or exploited her mistake to its advantage, this mistake is M's unilateral mistake. See, e.g., State v. American News Co., 152 Conn. 101, 115, 203 A.2d 296
(1964) ("If, by reason of mutual mistake or by reason of a unilateral mistake which is coupled with fraud or inequitable conduct on the part of the other party, a written agreement does not express the true intent of the parties, the agreement may be reformed." (Internal quotation marks omitted.) As long as the defendant did not sell her the Allstate insurance covering her Buick or service that Allstate policy, the defendant had no duty to inform her about her insurance needs f-or her Allstate policy. In fact, M acknowledged in her deposition that she expressly refused to switch her insurance for the Buick car from Allstate to Phoenix because she had been Allstate's customer for about thirty-nine years, and that all her prior dealings with the defendant were on behalf of her deceased husband regarding his policy covering the Chevrolet pickup. Even if assuming, arguendo, that the defendant had held itself out as an expert or counselor; it could do so only with regard to insurance policies of which it was an agent. The plaintiff has not alleged that the defendant sold the Allstate insurance policy to M or serviced that policy CT Page 1722 in any way. There are no facts alleged, let alone evidence, to show that the defendant had a special relationship with M, so that it had a fiduciary duty to be her insurance counselor in general.
"[T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Appleton v. Board of Education of Stonington, supra, 254 Conn. 209. "The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." (Internal quotation marks omitted.) Pion v. Southern New England Telephone, 44 Conn. App. 657,663, 691 A.2d 1107 (1997). A party's conclusory statements, "in the affidavit and elsewhere," may not "constitute evidence sufficient to establish the existence of disputed material facts." Gutpa v. New BritainGeneral Hospital, 239 Conn. 574, 583, 687 A.2d 111 (1997). Because the plaintiff has submitted no evidence to show that the defendant owed M any duty of care with regard to her Allstate insurance policy covering her Buick, or that it had a fiduciary relationship with her regarding her insurance needs in general, the court grants the defendant's motion for summary judgment.
The Court
By Moran, J.