[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR SUMMARY JUDGMENT
 I PROCEDURAL HISTORY
This action arises out of allegations of injuries sustained by the plaintiff, Helen Webb, as the result of a fall on a sidewalk in front of the premises at 621 Queen Street, Southington, CT. The plaintiff asserts the following facts in her three count complaint filed on March 18, 1999. On March 28, 1997, while walking on the sidewalk in front of the premises owned by the defendant, Estate of George Zarella, and leased by the defendant, Denny's Inc. (Denny's), the plaintiff was caused to fall by a depressed and uneven condition in the sidewalk, resulting in serious physical injuries. Count one alleges that her injuries were due to the defendants' negligence in that they: (1) caused or allowed and permitted said sidewalk to be or become depressed and uneven and dangerous for use of persons using said sidewalk; (2) failed to erect or maintain proper safeguards, warnings, signs, or failed to otherwise warn the plaintiff of the aforesaid dangerous conditions, (3) failed to remedy or repair said conditions when the same were reasonably necessary under the circumstances; (4) failed to make proper and reasonable inspection; (5) maintained said sidewalk in the aforesaid conditions; and (6) repaired and replaced said sidewalk in the past, but failed to do so in a proper fashion. Count two alleges a violation of a town of Southington ordinance which requires abutting landowners to keep sidewalks safe and free from defects and obstructions. Count three alleges nuisance resulting from the creation, allowance and maintenance of the defective sidewalk.
On August 10, 2001, Denny's filed a motion for summary judgment accompanied by a memorandum of law, the affidavit of Elizabeth O. McAbee and a copy of the Code of Ordinances of the town of Southington, CT. On October 26, 2001, the plaintiff filed a brief in Opposition accompanied CT Page 5521-a by copies of maps embossed with the seal of the town of Southington, which maps were approved by the Southington Planning and Zoning Commission on various dates and placed on file with the town of Southington on April 25, 1979, as Map No. 238. The maps are entitled: "Detention Area Details Zarrella Property Queen Street (Route 10) Southington, Connecticut For Denny's Restaurant Sixpence Inns of America Jeffrey L. Elovitz Associates Architect 2319 Blackrock Turnpike Fairfield, Connecticut 06430" and "Composite Site Plan of Property of George Zarrella Southington, Connecticut Scale: 1" = 40'-0' Jeffrey L. Elovitz Associates Architect 2319 Blackrock Turnpike Fairfield, Conn.: Sheet 1: Site Plan; Sheet 2: Grading and Drainage Plan; Sheet 3: Utility Plan; Sheet 4: Planting Plan; Sheet 5: Site Details."
 II DISCUSSION
In support of its motion for summary judgment, Denny's argues that: (1) The ordinance which the plaintiff alleges imparts a duty to Denny's is not applicable because Denny's is not the owner of the premises abutting the sidewalk at issue in this lawsuit, the ordinance is not expressly authorized by the town charter to shift liability to Denny's, and a town charter or ordinance may not shift common law liability for public sidewalks unless the defect alleged is snow or ice; (2) there is no negligence because Denny's owes no duty to the plaintiff to keep the public sidewalk at issue reasonably free from danger; and (3) Denny's is not liable for nuisance because Denny's did not create the defect which the plaintiff claims caused her injuries. In response, the plaintiff argues that Denny's engaged in a positive act when it constructed and repaired the sidewalk.
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp.,233 Conn. 732, 751, 660 A.2d 810 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted.) Appleton v. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059
(2000). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500,538 A.2d 1031 (1988).
"Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." CT Page 5521-b (Internal quotation marks omitted.) Fogarty v. Rashaw, 193 Conn. 442,446, 476 A.2d 582 (1984). The movant has the burden of demonstrating the absence of any genuine issue of material fact. Appleton v. Board ofEducation, supra, 254 Conn. 209. "The party seeking summary judgment has the burden of showing the absence [of] any genuine issue of material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law." (Internal quotation marks omitted.) Id. "[T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Id.
Denny's first argues that summary judgment should be granted because it is not the owner of the premises abutting the property, therefore the ordinance that is being relied upon by the plaintiff does not apply to Denny's as it was a tenant or a lessee of the premises.[1] In response, the plaintiff argues that Denny's engaged in a positive act when it caused or allowed the defect when it improperly repaired or replaced the sidewalk.
"An abutting landowner, in the absence of statute or ordinance, ordinarily is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition for travel." Wilson v. New Haven,213 Conn. 277, 280, 567 A.2d 829 (1989). "Abutting owners have only been held liable for injuries from defective sidewalks where under charter provisions they were not only charged with the duty of keeping sidewalks in repair but also expressly made liable for injuries occasioned by defective condition thereof." Willoughby v. New Haven, 123 Conn. 446,454, 197 A. 85 (1937); see also Dreher v. Joseph, 60 Conn. App. 257,261, 759 A.2d 114 (2000). "Furthermore, there is no statutory authority permitting a municipality to transfer its liability to abutting landowners in the case of a defective sidewalk." Forster v. Bristol, Superior Court, judicial district of New Britain at New Britain, Docket No. 494356 (August 14, 2001, Shapiro, J.).
The Southington ordinance involved in this case charges the abutting landowner with a duty to maintain the sidewalk in a safe condition and free from defects, however, there is no express provision for holding the abutting landowner liable for any injuries to third parties that may result from failing to abide by the ordinance. As such, the Southington ordinance does not shift responsibility for injury to third parties to abutting landowners. Accordingly, summary judgment is granted as to count two. CT Page 5521-c
"An abutting landowner can be held liable, however, in negligence or public nuisance for injuries resulting from the unsafe condition of a public sidewalk caused by the landowner's positive acts." Abramczyk v.Abbey, 64 Conn. App. 442, 446, 780 A.2d 957, cert. denied, 258 Conn. 933,785 A.2d 229 (2001); see also Gambardella v. Kaoud, 38 Conn. App. 355,359, 660 A.2d 877 (1995). "The Superior Court has also recognized a cause of action for negligence on numerous occasions against abutting landowners who engage in positive acts that cause a dangerous condition upon a public sidewalk." Caisse v. Crawford, Superior Court, judicial district of Waterbury, Docket No. 151101 (March 20, 2001, Rogers, J.).
In this case, the plaintiff alleges that Denny's "caused or allowed and permitted said sidewalk . . . [to] become depressed and uneven and dangerous for use of persons using said sidewalk . . . [and that] it had repaired and replaced said sidewalk in the past but failed to do so in a proper fashion." (See complaint, Count 1, ¶ 3). This allegation of an affirmative act raises an issue of fact. Moreover, it is unclear to this court who caused/created or repaired/replaced the sidewalk, i.e. Denny's or the estate of George Zarella. "If an abutting owner, a contractor or any other person by his act made a dangerous hole in a sidewalk he would have committed a nuisance for which he would be responsible in damages for injury resulting from his act." Hanlon v. Waterbury, 108 Conn. 197,142 A. 681 (1928); see also Ferrara v. Wethersfield, Superior Court, judicial district of New Britain at New Britain, Docket No. 497492 (May 15, 2000, Kocay, J.) (allegation that defective sidewalk nuisance was created and maintained by defendants is enough to overcome motion to strike); Caisse v. Crawford, supra, Superior Court, Docket No. 151101 (allowing gravel to spill over sidewalk is a positive act).
Denny's has provided the sworn affidavit of Elizabeth McAbee stating that Denny's did not at the time of the plaintiff's injury control or possess the sidewalk nor did it repair, maintain or inspect the sidewalk. In contradiction, the plaintiff argues that Denny's "constructed and repaired the sidewalk" and that "they took it upon themselves to engage in extensive renovations." (See Plaintiff's Brief, p. 5.) The court is unclear as to who Ms. McAbee is or how she would be in a position to possess personal knowledge regarding the matters stated within the affidavit. "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Practice Book § 17-46. "It is especially appropriate to hold an affidavit submitted by a moving party to a stringent standard." Evans Products Co. v. Clinton Building Supply,CT Page 5521-dInc., 174 Conn. 512, 516, 391 A.2d 157 (1978). Averments contained in an affidavit that are merely denials of the allegations in a complaint "are an insufficient basis for the rendition of summary judgment." Gambardellav. Kaoud, supra, 38 Conn. App. 360.
 III CONCLUSION
For the above stated reasons, summary judgment is denied as to counts one and three as an issue of fact remains concerning who undertook the repairs and/or replacement of the sidewalk and is granted as to count two because the Southington ordinance does not contain a provision for holding an abutting landowner liable for injuries to third parties.
BY THE COURT
Peter Emmett Wiese, Judge