[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
FACTS
This matter was heard by the Honorable Andre Kocay who died prior to issuing a decision. Upon review of and familiarization of myself with the proceedings, I issue this decision pursuant to General Statutes §51-183f and Stevens v. Hartford Accident and Indemnity Co.,29 Conn. App. 378, 383-86 (1981).
The plaintiff, Julia Boice, filed an amended complaint on February 28, 2001, alleging negligence and nuisance in four counts against the defendants, the City of New Britain (City), the Young Women's Christian Association (YWCA) and Metro Leasing Corporation, doing business as Dura Construction Company, (Dura), for injuries she suffered from a fall on a cracked sidewalk located in the City of New Britain. Boice alleges that the YWCA hired Dura to do construction work near the sidewalk and that the work caused a dangerous condition on the sidewalk. Counts one (negligence) and three (nuisance) are against the City. Counts two (negligence) and four (nuisance) are each against both the YWCA and Dura.
On March 23, 2001, the YWCA filed a motion to strike count four (nuisance) of the amended complaint. The motion to strike was denied by the court, Graham, J., on April 20, 2001.
On September 4, 2001, the YWCA filed an answer and a special defense alleging that Boice was negligent in failing to keep a proper lookout as she walked on the sidewalk and that this negligence was a substantial factor in bringing about her injury.
On September 18, 2002, the YWCA filed a motion for summary judgment on the ground that it did not owe a duty to Boice. The YWCA includes a memorandum of law in support of its motion for summary judgment, and it includes the following exhibits: (1) a copy of the amended complaint; and CT Page 2478-b (2) an uncertified excerpt of Boice's deposition testimony.
On October 25, 2002, Boice filed a memorandum in opposition to the YWCA's motion for summary judgment. Boice included the following exhibits in support of her memorandum in opposition to the motion for summary judgment: (1) a copy of the notice of injury signed by the New Britain Town Clerk's Office that identifies the location of the cracked sidewalk; (2) twelve unverified photographs of the sidewalk and surrounding area; (3) an unverified copy of the ambulance dispatch record; and (4) an uncertified copy of her deposition. Boice argues that the allegations in her complaint of a positive act by the YWCA raise a material issue of fact as to whether the YWCA owed her a duty and that the YWCA has failed to supply evidence to refute her allegations. Boice also argues that the YWCA's motion for summary judgment was filed after the case had been scheduled for trial and that the YWCA did not seek the court's permission pursuant to General Statutes § 17-44 and, therefore, the motion for summary judgment should be denied.
The pleadings and other documents presented reveal the following undisputed facts. On April 30, 1999, at approximately 9:00 a.m., Boice was walking on the sidewalk along Glen Street in a northeasterly direction in front of a building owned by the YWCA. (Boice's Amended Complaint, Fourth Count, ¶ 4; Boice Deposition, pp. 13, 15.) Boice tripped over a cracked sidewalk and fell and was taken by ambulance to New Britain General Hospital where she was diagnosed with personal injuries. (Boice Deposition, pp. 16, 24, 25.) The YWCA hired Dura to do construction work on or around the area of 22 Glen Street. (YWCA's Answer to the Amended Complaint, Second Count, ¶ 3.)
 DISCUSSION
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Practice Book § 17-49. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Buell Industries, Inc. v. Greater NewYork Mutual Ins. Co., 259 Conn. 527, 550, 791 A.2d 489 (2002). "A material fact has been defined adequately and simply as a fact which will CT Page 2478-c make a difference in the result of the case." (Internal quotation marks omitted.) Id., 556. "[T]he court's function is not to decide issues of material fact, but rather to determine whether any such issues exist."Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). The granting of summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp. , 233 Conn. 732, 751, 660 A.2d 810 (1995). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact."Id., 752. "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Fogarty v. Rashaw, 193 Conn. 442,446, 476 A.2d 582 (1984). Summary judgment is particularly "ill-adapted to negligence cases, where . . . the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation . . . [T]he conclusion of negligence is necessarily one of fact . . ." (Citations omitted; internal quotation marks omitted.) Michaud v.Gurney, 168 Conn. 431, 434, 362 A.2d 857 (1975).
The YWCA moves for summary judgment on the ground that it did not owe a duty to Boice and that Boice has given inconsistent locations for the sidewalk defect in her deposition testimony and, therefore, she cannot prove that the YWCA acted in a positive manner on the sidewalk at the location where she fell. Boice argues in opposition that she has raised a material issue of fact by her allegations in the complaint that the YWCA acted in a positive manner on the sidewalk which caused her injury.
"An abutting landowner can be held liable . . . in negligence or public nuisance for injuries resulting from the unsafe condition of a public sidewalk caused by the landowner's positive acts." Abramczyk v. Abbey,64 Conn. App. 442, 446, 780 A.2d 957, cert. denied, 258 Conn. 933,785 A.2d 229 (2001). "If an abutting owner, a contractor or any other person by his act made a dangerous hole in a sidewalk he would have committed a nuisance for which he would be responsible in damages for injury resulting from his act." Hanlon v. Waterbury, 108 Conn. 197,142 A. 681 (1928). "[The] allegation . . . of a positive act by the defendants . . . if proved at trial, could form the basis for the defendant's liability in negligence or public nuisance . . . [If] the defendants [fail] to adduce evidence in support of their motion for summary judgment to establish the absence of a factual dispute in connection with this allegation . . . summary judgment [is] inappropriate." (Citations omitted.) Gambardella v. Kaoud,38 Conn. App. 355, 359, 660 A.2d 877 (1995). CT Page 2478-d
In Gambardella v. Kaoud, supra, 38 Conn. App. 359-60, the Appellate Court reversed a trial court decision that granted summary judgment for the defendants, who were abutting landowners, where the plaintiff alleged in the complaint that the defendants caused an accumulation of debris on the sidewalk. Even though the defendants produced affidavits denying that they caused any unsafe conditions, the court held that the defendants had not met their burden of providing evidence to establish the absence of a material fact in dispute. See id., 360.
Boice's amended complaint alleges that the YWCA "[c]aused . . . said public sidewalk to be . . . defective, broken . . . uneven, unsafe, and dangerous for the use of the public . . ." (Boice's Amended Complaint, Second Count, ¶ 4.) The YWCA does not include affidavits denying the alleged positive act, but relies on Boice's deposition testimony, arguing that the inconsistent locations given for the sidewalk defect preclude Boice from proving the YWCA's positive act. Boice's deposition states, "I came out of the parking lot, and turned right, up the sidewalk, and just before I reached the steps, I tripped on that sidewalk." (Boice Deposition, p. 15.) Later in the deposition Boice is asked, "And you walked past this whole sidewalk, which is the garden area, and we're getting toward where the stairs are, and that's where you . . ." (Boice Deposition, p. 48.) Boice answers, "That's where I tripped." (Boice Deposition, p. 48.) Boice is also asked, "Now looking at these photographs, and here's one that may be more of the general area, now you're not able to, as you sit here today, identify a particular crack, from your firsthand knowledge?" (Boice Deposition, p. 47-48.) Boice answers, "Right here, this one here shows I went over into here and hit this curbing here." (Boice Deposition, p. 48.) Viewing the evidence in the light most favorable to the nonmoving party, together with the inferences that could reasonably be drawn from that evidence, the deposition testimony relied on by the YWCA does not provide sufficient evidence to contradict the allegations of the amended complaint and establish that the YWCA did not act in a positive manner on the sidewalk at the location where Boice fell.
Based on the holding of Gambardella v. Kaoud, Boice has alleged a positive act by the YWCA as an abutting landowner, and the YWCA has not raised sufficient evidence to show that there is no genuine issue of material fact in dispute. Accordingly, summary judgment is denied.
 BY THE COURT Hon. Vanessa L. Bryant
CT Page 2478-e