DEBBIE HUNTER, ADMINISTRATRIX (ESTATE OF
ALFORDE HUNTER) *v.* HEALEY CAR AND
TRUCK LEASING, INC., ET AL.
(14703)

O'Connell, Foti and Lavery, Js.

Argued February 27—officially released May 14, 1996

*Karen E. Souza*, for the appellant (plaintiff).

*Patricia A. Cofrancesco*, deputy corporation counsel,
for the appellees (defendants).

O'CONNELL, J. The plaintiff appeals from the judg-
ment for the defendants rendered after the trial court
granted the defendants' motion for a directed verdict.
The plaintiff claims that the trial court (1) abused its
discretion in granting the defendants' motion for a
directed verdict and (2) abused its discretion in allowing

the defendants to make an untimely disclosure of an expert witness. We reverse the judgment of the trial court and order a new trial.

Directed verdicts are historically not favored and can be upheld on appeal only when the jury could not have reasonably and legally reached any other conclusion. *Glucksman* v. *Walters*, 38 Conn. App. 140, 143, 659 A.2d 1217, cert. denied, 235 Conn. 914, 665 A.2d 608 (1995). In reviewing a trial court order directing a verdict, we consider all of the evidence and the reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *Sestito* v. *Groton*, 178 Conn. 520, 522, 423 A.2d 165 (1979).

Considering the evidence in this case in the light most favorable to the plaintiff, the jury could have found the following facts. On June 17, 1987, the minor decedent, while attempting to cross a street to retrieve a runaway ball, was struck by a motor vehicle driven by Robert Brooks. The plaintiff, who is the mother of the decedent and the administratrix of his estate, brought a negligence action against Brooks. The plaintiff also named the city of New Haven as a defendant because Brooks was operating the car in his capacity as a New Haven police officer. Healey Car and Truck Leasing, Inc., who owned Brooks' car, was also named as a defendant to the action.

The defendants, claiming that the accident was unavoidable, filed a special defense of comparative negligence and offered evidence to dispute the speed of Brooks' car and his opportunity to avert the accident. They also attacked the credibility of the plaintiff's other witnesses and their opportunity to observe the accident.

At the close of the evidence, the defendants moved for a directed verdict, arguing that the jury could not reasonably and legally reach a conclusion that Brooks

was negligent. The trial court agreed and directed the jury to return a verdict for the defendants.

In determining whether a defendants' verdict was warranted in the present case, we consider the following evidence that was offered to the jury. Harris Henderson, a prisoner in the backseat of Brooks' vehicle at the time of the accident, testified that he observed children playing in the area where the accident occurred. Henderson further testified that he observed the decedent run toward a parked van and then emerge in front of it immediately prior to the accident. Henderson's testimony conflicted with that of Brooks, who testified that he did not see any children playing in the vicinity of the accident and that he did not see the decedent prior to the accident. Negligence is ordinarily a question of fact. Id., 526. Thus, given the conflicting nature of the testimony presented, it was a question for the jury to determine whether Brooks' failure to observe the decedent constituted negligence in failing to maintain a proper lookout.

Additionally, Henderson testified that a few seconds prior to the collision, Brooks turned his head to the right to speak to him. Henderson yelled, "Watch out for the kid," because, although Henderson saw the decedent, he believed Brooks did not. Whether this evidence supported findings of negligent failure to maintain a lookout and negligent failure to exercise reasonable care under the circumstances were questions of fact for the jury. Whether Brooks was negligent in failing to stop or turn his vehicle to avoid hitting the decedent is similarly a question of fact that should have been determined by the jury.

One of the children playing with the decedent, Remilla Brown, testified that there were no cars approaching from either direction and that, as the decedent started to cross the street, Brooks' car quickly

approached and struck the decedent. "Weighing the evidence and judging the credibility of the witnesses is the function of the trier of fact and this court will not usurp that role." (Internal quotation marks omitted.) *State* v. *Figueroa*, 235 Conn. 145, 179, 665 A.2d 63 (1995). The trial court should have allowed the jury to determine on the basis of Brown's testimony whether Brooks was negligent in driving too fast.

This case presents the type of conflicting evidence that warrants full consideration by a jury. We infer that the trial court, having heard the evidence and observed the witnesses, was not impressed by the strength of the plaintiff's case. In light of the evidence presented, however, the trial court should not have concluded that a jury could not, without speculation, have returned a plaintiff's verdict. The plaintiff was entitled to have her evidence considered by a jury because "[a]s we have noted before, '[a] party has the same right to submit a weak case as he has to submit a strong one . . . .' " *Somma* v. *Gracey*, 15 Conn. App. 371, 375, 544 A.2d 668 (1988).

Because the plaintiff did not file a motion to set aside the verdict, we must restrict our review to plain error. *Saporoso* v. *Aetna Life & Casualty Co.*, 221 Conn. 356, 363, 603 A.2d 1160 (1992); *Pietrorazio* v. *Santopietro*, 185 Conn. 510, 515, 441 A.2d 163 (1981). Plain error review is reserved for truly extraordinary situations where "the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings . . . and results in an unreliable verdict or miscarriage of justice." (Citations omitted; internal quotation marks omitted.) *State* v. *Harvey*, 27 Conn. App. 171, 187, 605 A.2d 563, cert. denied, 222 Conn. 907, 608 A.2d 693 (1992). We conclude that the trial court's failure to give the plaintiff's case to the jury meets the plain error standard and that the

plaintiff is entitled to a new trial at which a jury may consider the plaintiff's offers of negligence.

We do not reach the issue concerning the untimely disclosure of an expert witness.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.