## RICHARD DOMOGALA *v.* ESTHER MOLIN
### (AC 17940)

Foti, Hennessy and Mihalakos, Js.

Argued March 2—officially released May 2, 2000

*Edward V. Walsh,* with whom, on the brief, was *Michael O. Connelly,* for the appellant (defendant-third party plaintiff).

*John A. Pinheiro,* for the appellee (third party defendant).

FOTI, J. The defendant, Esther Molin, appeals from the judgment of the trial court granting the motion for a directed verdict filed by the third party defendant, Albert Testo.[1] Although the defendant raises two issues on appeal, the dispositive issue is whether the court properly granted Testo's motion for a directed verdict.[2] We reverse in part the judgment of the trial court.

The plaintiff, Richard Domogala, who no longer is a party to this appeal, commenced an action for personal injuries allegedly sustained in a slip and fall in a parking lot of a commercial building owned by the defendant. The defendant filed a third party complaint, claiming that Testo, as a tenant of the property, was responsible for maintenance of the building. The defendant alleged a breach of contract and sought indemnification. The trial court granted Testo's motion for a directed verdict on the third party complaint.[3]

On January 26, 1993, in the early afternoon, the plaintiff, accompanied by his wife, drove to the parking lot at the rear of 3606-3610 Main Street in Bridgeport for the purpose of visiting Testo, who owned the Connecticut Jewelry Exchange, one of the businesses on the prem-

[1] The third party defendant failed to file a brief; the appeal was considered on the defendant's brief only. The term defendant in this opinion refers only to Esther Molin.

[2] The jury returned a verdict for the plaintiff against the defendant for $630,669.69. The defendant moved to set aside the verdict and for a remittitur. Her motions were denied and she filed this appeal. As part of the appeal, the defendant claims that the court improperly (1) directed a verdict for the third party defendant and (2) excluded evidence purporting to show the third party defendant's criminal convictions. Because we agree with the defendant on her first claim, we do not reach the issue concerning the excluded evidence.

[3] The defendant sought to withdraw the third party complaint against Testo, and Testo and the plaintiff objected to the defendant's oral motion. The trial court denied the defendant permission to withdraw the complaint against Testo and thereafter granted Testo's motion for a direct verdict.

ises. As the plaintiff stepped out of his motor vehicle, his foot slipped on ice, causing him to fall and slide forward on his back. His left foot slid into a wooden pallet, which had been frozen immovable in ice, causing his leg to fracture in two places. According to Testo's testimony, the water that froze forming the ice on which the plaintiff slipped had been deposited on the surface of the parking lot from a hose that extended through the basement doors to remove water from the basement.

Evidence presented revealed that the defendant had instituted a summary process action against Testo and served him with a notice to quit on January 11, 1993, that directed him to vacate the premises on or before January 25, 1993. The defendant also had indicated in a written communication that Testo had been in Florida since December 24, 1992, and responded in a recorded statement dated December 9, 1993, that Testo was "out of the premises by January 26." On the basis of that evidence, the court granted Testo's motion for a directed verdict.

"Directed verdicts are historically not favored and can be upheld on appeal only when the jury could not have reasonably and legally reached any other conclusion. *Glucksman* v. *Walters*, 38 Conn. App. 140, 143, 659 A.2d 1217, cert. denied, 235 Conn. 914, 665 A.2d 608 (1995). In reviewing a trial court order directing a verdict, we consider all of the evidence and the reasonable inferences drawn therefrom in the light most favorable to the [nonmoving party]. *Sestito* v. *Groton*, 178 Conn. 520, 522, 423 A.2d 165 (1979)." *Hunter* v. *Healey Car & Truck Leasing, Inc.*, 41 Conn. App. 347, 348, 675 A.2d 919, cert. granted on other grounds, 238 Conn. 901, 677 A.2d 1375 (1996) (appeal dismissed December 18, 1996, certification improvidently granted).

Considering the evidence in this case in the light most favorable to the defendant, we conclude that there

existed conflicting evidence that warranted full consideration by a jury. See id., 350. There was evidence that Testo was on the premises on January 26, 1993, and that he retained keys to his business and did not return them until February 1, 1993. Further, there was some evidence that Testo was responsible in January, 1993, for snow and ice removal on the premises,[4] and that Testo had installed a sump pump in the basement of the premises. The plaintiff and Testo had a business relationship, and the plaintiff had come to say goodbye to Testo. There also was evidence that while the written lease between the defendant and Testo had been terminated, a month-to-month tenancy was in effect in January, 1993, between the parties, and Testo physically occupied the premises until January 28, 1993.

In light of the evidence presented, the issue of control of the premises, a question of fact; see *Smith* v. *Housing Authority*, 144 Conn. 13, 16, 127 A.2d 45 (1956); was in conflict. The court therefore should not have concluded that a jury could not, without speculation, have returned a verdict for the defendant against Testo.

The judgment is reversed only as to the granting of the third party defendant's motion for a directed verdict and the case is remanded for a new trial on the third party complaint.

In this opinion the other judges concurred.

---

[4] The responsibility for snow and ice removal rested on Testo in the original lease; whether Testo continued to assume this obligation through his actions and continued possession of the premises would be a question of fact for the trier of fact to determine.