## SANDRA COLOMBO *v.* STOP AND SHOP SUPERMARKET COMPANY, INC.
### (AC 21390)

Lavery, C. J., and Flynn and Dupont, Js.

Submitted on briefs September 12—officially released November 20, 2001

*Brian W. Prucker* filed a brief for the appellant (plaintiff).

*Kirby G. Huget* filed a brief for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff in this negligence action, Sandra Colombo, appeals from the judgment of the trial court rendered on a directed verdict in favor of the defendant, Stop and Shop Supermarket Company, Inc. We affirm the judgment of the trial court.

The plaintiff alleged in her complaint that she slipped and fell on spilled milk while walking away from a People's Bank branch office located within the defendant's supermarket. She alleged that the condition existed for such a period of time that the defendant knew or should have known about it. She further alleged that the defendant was negligent in failing to maintain the premises adequately, in permitting the condition to remain for an extended period of time, in failing to warn the plaintiff of the dangerous condition or in failing to conduct timely inspections of the premises. She also alleged that such negligence caused her to suffer personal injuries and to incur medical expenses.

The substance of the plaintiff's testimony was that while walking in the defendant's store, she slipped and fell on milk, and that she noticed immediately thereafter that the milk, her clothing and her hands were "dirty."

At the close of the plaintiff's case, the court granted the defendant's motion for a directed verdict and, at the court's direction, the jury found the issues in the defendant's favor. The court denied the plaintiff's subsequent motion to set aside the verdict. The plaintiff then brought the present appeal.

At trial, the defendant did not dispute that the plaintiff fell or that the defendant controlled and maintained the store where the incident occurred. As the defendant's attorney argued, there was only a "question of actual or constructive notice, and the question as to whether the store had a reasonable opportunity to take some kind of curative step." The court, mindful of the duty that the defendant owed to the plaintiff as an invitee, reasoned that, as a preliminary matter, it had to ascertain simply whether the defendant, in the exercise of due care and inspection, should have discovered the milk on the floor.

The court concluded that "no reasonable juror could find that [the defendant] had notice of this condition [or] that [it] existed for a length of time that reasonable inspection would have discovered it. . . . We have no evidence as to how it got there, no evidence as to when it got there." The court refused to permit the issue to go to the jury simply because the plaintiff had characterized the milk as being "dirty." The court added: "[T]he fact that the plaintiff got up and she was dirty is not evidence [from which] a rational juror could make an inference that that milk was there for such an extended period of time that the store reasonably should have found it if [the store] were conducting reasonable inspections or for any other duty of care . . . ."

"Our standard of review of a directed verdict is well settled. A trial court should direct a verdict for a defendant if, viewing the evidence in the light most favorable to the plaintiff, a jury could not reasonably and legally reach any other conclusion than that the defendant is entitled to prevail. . . . In assessing the evidence, the court should weigh both direct and circumstantial evidence, including all reasonable inferences to be drawn therefrom." (Internal quotation marks omitted.) *Abramczyk* v. *Abbey*, 64 Conn. App. 442, 447, 780 A.2d 957, cert. denied, 258 Conn. 933, 785 A.2d 229 (2001).

The law concerning notice in this type of case is clear. The plaintiff bore the burden of proffering some evidence, either direct or circumstantial, from which the jury could infer that the defect she allegedly encountered existed for a length of time sufficient to put the defendant on actual or constructive notice of its existence. See *Warren* v. *Stancliff*, 157 Conn. 216, 218–19, 251 A.2d 74 (1968); *Tuite* v. *Stop & Shop Cos.*, 45 Conn. App. 305, 308–309, 696 A.2d 363 (1997). In the absence of such evidence, we cannot permit a jury to reach such a conclusion on the basis of either speculation or conjecture. See, e.g., *Gulycz* v. *Stop & Shop Cos.*, 29

Conn. App. 519, 522, 615 A.2d 1087, cert. denied, 224 Conn. 923, 618 A.2d 527 (1992). Viewing the facts presented in the light most favorable to the plaintiff, we conclude that, as a matter of law, the jury could not reasonably have concluded that the defendant breached a duty to the plaintiff under the circumstances of this case, and, therefore, the court properly directed a verdict in favor of the defendant.

The judgment is affirmed.