## MARY KRIZ v. COLDWELL BANKER REAL ESTATE ET AL.
### (AC 19745)

Schaller, Mihalakos and Hennessy, Js.

Argued January 9, 2001—officially released January 29, 2002

*James E. Coyne*, with whom, on the brief, was *Kevin S. Coyne*, for the appellants (defendant Danforth Smith et al.).

*Todd Thomas Trautz*, for the appellee (plaintiff).

*Kevin M. Tepas*, with whom, on the brief, was *Brock T. Dubin*, for the appellee (named defendant).

*Opinion*

HENNESSY, J. The defendants Danforth Smith and Deforest Smith (Smith defendants) appeal from the judgment, rendered after a jury trial, in favor of the plaintiff, Mary Kriz, after the trial court granted the motion for a directed verdict filed by the named defendant, Coldwell Banker Real Estate (Coldwell Banker). The Smith defendants claim that the trial court improperly (1) directed the verdict in favor of Coldwell Banker on the plaintiff's complaint and on their cross claim for apportionment, (2) admitted into evidence testimony concerning a prior accident, (3) admitted into evidence testimony concerning subsequent remedial measures and (4) charged the jury on the issues of control, notice, prior accident or occurrence and subsequent remedial measures. We reverse the trial court's judgment on the first claim, and, therefore, we need not review the remaining claims.

The jury reasonably could have found the following facts. On October 9, 1995, the plaintiff, a real estate agent, intended to show a client a residential property that was listed by Coldwell Banker. At approximately 6 p.m., the plaintiff obtained a key to the property from Coldwell Banker's Milford office. At approximately 7:20 p.m., the plaintiff went to Coldwell Banker's office to return the key. Prior to the plaintiff's return, a Coldwell Banker employee had turned off the exterior lights to the building. The plaintiff, however, thought that the Coldwell Banker office was still open because the interior lights were on when she drove into the parking lot. The Coldwell Banker employee was still in the office and, when the employee saw the plaintiff drive into the parking lot, the employee turned off the interior lights. The plaintiff left her car engine running and hurried to Coldwell Banker's door. By this time, the interior was dark. The Coldwell Banker employee stood inside in total darkness. As the plaintiff approached Coldwell

Banker's door, she fell, hit her head on the door and was injured.

The plaintiff commenced an action against Coldwell Banker, the tenant of the premises, and the Smith defendants, the owners and landlords of the premises, claiming that each defendant negligently caused her injuries by failing (1) to turn on the lights to the walk area so that the condition of the stairs could be seen by the plaintiff, (2) to light the walk area adequately so as to make it safe, (3) to maintain an automated illumination of the exterior step, (4) to warn the plaintiff of the dangerous condition and (5) to inspect the step to ensure that it was safe for use. The plaintiff further claimed that the defendants maintained the entranceway step in a dangerous condition by carpeting the stairs with a dark color carpet and by using a low step riser and configuring the step in an unusual and unsafe manner. The Smith defendants and Coldwell Banker filed separate answers to the complaint denying the plaintiff's claims and alleging special defenses that the plaintiff failed (1) to keep a proper lookout, (2) to be inattentive to her surroundings, (3) to make proper use of her senses and faculties and (4) to exercise reasonable care for her own safety. The plaintiff denied each of these special defenses.

The Smith defendants brought a cross claim for apportionment against Coldwell Banker, claiming that Coldwell Banker's negligence and carelessness proximately caused the plaintiff's injuries.[1] After the evidence

---

[1] Specifically, the Smith defendants claimed that Coldwell Banker failed (1) to turn on the lights to the entrance so that the condition of the stairs and area in front of the building could be seen by the plaintiff, (2) to light the area adequately so as to make it safe for the plaintiff and other invitees or patrons, (3) to inspect the premises and area to ensure that they were safe for the plaintiff, general public or other invitees, and (4) to warn the plaintiff, the general public or invitees of said dangerous condition when they could and should have done so. The Smith defendants further claimed that Coldwell Banker maintained the entranceway in a dangerous area relating to the lighting and other conditions alleged by the plaintiff.

but before final arguments, Coldwell Banker moved for a directed verdict on the plaintiff's complaint and the Smith defendants' cross claim. The court granted Coldwell Banker's motion and concluded that there was insufficient evidence, as a matter of law, to prove the plaintiff's claims and the Smith defendants' cross claim against Coldwell Banker.[2] The court allowed the jury, however, to decide the plaintiff's action against the Smith defendants, which resulted in a jury verdict against them. This appeal followed.

The Smith defendants claim that the court improperly directed the verdict in favor of Coldwell Banker on the plaintiff's complaint and on their cross claim for apportionment. "Directed verdicts are historically not favored and can be upheld on appeal only when the jury could not have reasonably and legally reached any other conclusion." (Internal quotation marks omitted.) *Domogala* v. *Molin*, 57 Conn. App. 525, 527, 749 A.2d 676 (2000). "Our standard of review of a directed verdict is well settled. A trial court should direct a verdict for a defendant if, viewing the evidence in the light most favorable to the plaintiff, a jury could not reasonably and legally reach any other conclusion than that the defendant is entitled to prevail." (Internal quotation marks omitted.) *Colombo* v. *Stop & Shop Supermarket Co.*, 67 Conn. App. 62, 64, 787 A.2d 5 (2001), cert. denied, 259 Conn. 912, 789 A.2d 993 (2002). "In assessing the evidence, the court should weigh both direct and circumstantial evidence, including all reasonable inferences to be drawn therefrom." (Internal quotation marks omitted.) *Abramczyk* v. *Abbey*, 64 Conn. App. 442, 447, 780 A.2d 957, cert. denied, 258 Conn. 933, 785 A.2d 229 (2001).

---

[2] The court's jury charge provided in relevant part: "I've come to the conclusion that with respect to the defendant Coldwell Banker, the tenant in this case, and against whom the plaintiff and the landlords have made separate claims of negligence, that there is insufficient evidence, as a matter of law, to establish such claims, and, therefore, I must direct you to return a verdict for the defendant Coldwell Banker."

I

The Smith defendants claim that the court improperly directed the verdict in favor of Coldwell Banker on the plaintiff's complaint as a matter of law.[3] Specifically, the Smith defendants argue that the issue of who had exclusive possession and control over the lighting of the area where the plaintiff fell was a genuine issue of material fact to be decided by the jury. The Smith defendants' claim turns on whether the jury reasonably could have concluded that Coldwell Banker had exclusive possession and control of the light switch.

"Unless it is definitely expressed in the lease, the circumstances of the particular case determine whether the lessor has reserved control of the premises or whether they were under the exclusive dominion of the tenant, and it becomes a question of fact and is a matter of intention in the light of all the significant and attendant facts which bear on the issue." *Panaroni* v. *Johnson,* 158 Conn. 92, 98, 256 A.2d 246 (1969).

We conclude that the court improperly concluded that Coldwell Banker was entitled to a directed verdict as a matter of law. By granting the motion for a directed verdict in favor of Coldwell Banker, the court improperly concluded that the jury reasonably could not have found that Coldwell Banker was in exclusive possession and control of the light switch. Here, the lease

[3] The court directed the verdict in an oral decision. The parties submitted an unsigned copy of the transcript of the court's findings. Although it would have been preferable for the Smith defendants to have moved for an articulation or at least to have asked the trial court to sign the transcript and indicate the relevant portion of the transcript where the court's analysis could be found, we are satisfied with the transcript. See, e.g., *Community Action for Greater Middlesex County, Inc.* v. *American Alliance Ins. Co.,* 254 Conn. 387, 395, 757 A.2d 1074 (2000). It is not uncommon for this court to review unsigned transcripts of oral decisions where the transcript reveals the basis of the trial court's findings. *Crystal Lake Clean Water Preservation Assn.* v. *Ellington,* 53 Conn. App. 142, 145–46 n.7, 728 A.2d 1145, cert. denied, 250 Conn 920, 738 A.2d 654 (1999).

agreement provided that the Smith defendants retained control over the area outside of Coldwell Banker's leased premises. The lease agreement, however, failed to specify who had exclusive possession and control over the light switch that illuminated the common area. Exclusive possession and control of the light switch, which was located within Coldwell Banker's leased premises, was a disputed fact. Although the court admitted evidence that showed that the landlords had changed the lights to an automated system after the plaintiff's injuries occurred for the limited purpose of showing control, there was also evidence that showed that the light switch was within Coldwell Banker's premises and that Coldwell Banker's employee had turned the lights off at the time of the plaintiff's approach and immediately before her fall and injury. Viewing the evidence in a light most favorable to the plaintiff, we conclude that the jury reasonably could have found that Coldwell Banker had exclusive possession and control of the light switch.[4] The trial court, therefore, improperly directed the verdict in favor of Coldwell Banker on the plaintiff's complaint.

Coldwell Banker argues that it had no duty to the plaintiff because, as a matter of law, the Smith defendants, as landlords, had the duty to maintain the common area, including the duty to provide for adequate illumination. We disagree. The general rule requires the use of reasonable care not to cause injury to those whom a person reasonably could foresee might be injured by the person's negligent conduct, whether that conduct consists of acts of commission or omission. See *Gazo* v. *Stamford*, 255 Conn. 245, 251, 765 A.2d 505 (2001). There is no question that Coldwell Banker had a duty to use reasonable care not to cause injury to the

---

[4] Moreover, during oral arguments regarding the directed verdict motion, the court informed Coldwell Banker's attorney that control of the light switch was a question of fact for the jury to decide.

plaintiff and could reasonably foresee that the conduct of its employee in turning off the lights might cause the plaintiff injury.

Coldwell Banker further argues that the Smith defendants may not delegate their duty to light the walkway common area to an agent and, therefore, Coldwell Banker cannot be held liable for failing to light the walkway. We do not agree. Coldwell Banker had a separate and distinct duty to keep its business invitees safe from harm. If Coldwell Banker had exclusive possession and control of the light switch that lit the common area approach, then Coldwell Banker had a duty to act as a reasonable person would to protect its business invitees from harm.

The plaintiff argues that even if the directed verdict was improper, a new trial should be limited to apportionment and the jury's determination of damages should not be disturbed. Specifically, the plaintiff argues that the jury was properly charged on the issue of comparative negligence and instructed on how to compute damages and, therefore, the verdict was determined correctly according to legal principles. We disagree.

"Ordinarily the reversal of a jury verdict requires a new trial of all the issues in the case. Where the error as to one issue . . . is separable from the general issues, the new trial may be limited to the error found, provided that such qualification or limitation does not work injustice to the other issues or the case as a whole." (Internal quotation marks omitted.) *George* v. *Ericson*, 250 Conn. 312, 332, 736 A.2d 889 (1999). Generally, the issues of liability and damages are interwoven and may not be separated without injustice to one of the parties. *Fazio* v. *Brown*, 209 Conn. 450, 455, 551 A.2d 1227 (1988). Our Supreme Court has stated: "[W]here . . . liability is contested and an appellate

court is unable to infer whether upon a new trial a jury would find in favor of the defendant or in favor of the plaintiff an appellate court must remand the case for a trial on all issues." (Internal quotation marks omitted.) Id., 456.

We conclude that because there is a question regarding liability, ordering a new trial limited to apportionment would be a serious injustice to Coldwell Banker. If the new trial were limited to apportionment, there would be an assumption that Coldwell Banker was liable without a determination by the jury of liability. Although Coldwell Banker participated in the trial, it did not participate in closing arguments, was not present at the jury charge or the following proceeding regarding the Smith defendants' motion to set aside the verdict. For these reasons, a new trial on all issues is necessary.

## II

The Smith defendants also claim that the court improperly directed a verdict in favor of Coldwell Banker as to their cross claim for apportionment. We agree.

"Apportionment does not affect the determination of whether the defendant is liable under a theory of negligence but, rather, affects the determination of his degree of fault once a trier of fact has determined that his breach of a reasonable standard of care was a substantial factor in causing the plaintiff's injuries. . . . Once it is determined that the defendant's conduct has been a cause of some damage suffered by the plaintiff, a further question may arise as to the portion of the total damages which may properly be assigned to the defendant, as distinguished from other causes." (Citation omitted; internal quotation marks omitted.) *Henriques* v. *Magnavice*, 59 Conn. App. 333, 338, 757 A.2d 627 (2000). In light of our decision in part I of this opinion, each of the defendants together or individually

may be found liable, and, therefore, the further question as to the portion of the total damages that may properly be assigned to each is for the jury to determine. We conclude, therefore, that the court improperly directed the verdict on the Smith defendants' cross claim for apportionment. We need not address the remaining claims.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.