## NEWALLIANCE BANK *v.* ERNEST SCHAEPPI ET AL.
### (AC 33906)

DiPentima, C. J., and Robinson and Bear, Js.

Submitted on briefs September 27—officially released November 6, 2012

*Ernest A. Schaeppi,* pro se, and *Ellen A. Schaeppi,* pro se, the appellants (named defendant et al.), filed a brief.

*Joseph J. Sensale* filed a brief for the appellee (substitute plaintiff).

### Opinion

PER CURIAM. The self-represented defendants, Ernest A. Schaeppi and Ellen A. Schaeppi, appeal from the judgment of foreclosure by sale rendered by the trial court in favor of the substituted plaintiff, First Niagara Bank, National Association (First Niagara).[1] On appeal, the defendants argue that the court improperly deprived them of the right to due process when it granted the motion to substitute First Niagara for the plaintiff, NewAlliance Bank, without holding an evidentiary hearing. We disagree, and, accordingly, affirm the judgment of the trial court.

On October 15, 1992, the defendants executed a $50,000 promissory note with The Savings Bank of Manchester. This note was secured by property located in Glastonbury. In April, 2004, The Savings Bank of Manchester merged into and was succeeded by NewAlliance Bank. The defendants failed to make payments

---

[1] Ernest A. Schaeppi and Ellen A. Schaeppi are the only two defendants involved in this appeal; the other defendants, Discover Bank, People's United Bank, Waterside Financial, Inc., Unifund CCR Partners, Calvary Investments, LLC, and Surrey Hill Homeowners Association II, Inc., are not parties to the appeal. All references to the defendants herein are to Ernest A. Schaeppi and Ellen A. Schaeppi.

pursuant to the note in May, 2009, and NewAlliance Bank commenced this foreclosure action as the bona fide owner and holder of the note and mortgage. On November 10, 2009, NewAlliance Bank moved for summary judgment as to liability. On January 11, 2010, the court granted this motion. On June 10, 2010, NewAlliance Bank filed a motion for a judgment of strict foreclosure. The court rendered judgment of foreclosure by sale, over the defendants' joint objection, on June 22, 2010.

On August 1, 2011, NewAlliance Bank filed a motion to substitute First Niagara as the plaintiff pursuant to Practice Book § 9-20.[2] The motion represented that NewAlliance Bank was merged into and succeeded by First Niagara on April 15, 2011. Attached to the motion was a copy of the certificate of change of name, the certificate of merger that had been recorded on the land records of the town of Glastonbury and the official certification of the Comptroller of the Currency merging the two entities. The defendants filed an objection on August 16, 2011, arguing that an evidentiary hearing should be held. On September 12, 2011, the court overruled the defendants' objection.

After the defendants filed the present appeal, they moved for an articulation of the trial court's decision to grant the motion to substitute. The court denied this motion. The defendants then filed a motion for review, which we granted, and we requested the trial court to provide an articulation of its order. The trial court

[2] Practice Book § 9-20 provides: "When any action has been commenced in the name of the wrong person as plaintiff, the judicial authority may, if satisfied that it was so commenced through mistake and that it is necessary for the determination of the real matter in dispute so to do, allow any other person to be substituted or added as plaintiff. (See General Statutes § 52-109 and annotations.)" We need not decide the necessity or the propriety of NewAlliance Bank's reliance on Practice Book § 9-20 to substitute First Niagara Bank under these circumstances.

explained that it granted the motion to substitute pursuant to General Statutes § 52-109 and Practice Book § 9-20. It further stated: "[T]he court is satisfied that NewAlliance [Bank] commenced this action with the honest conviction that it was the proper plaintiff, and in fact, was initially the proper plaintiff to bring this action. . . . As the . . . bona fide owner and holder of the note and mortgage, NewAlliance [Bank] commenced this action when the defendants failed to make payments on the note, and consequently, defaulted on the mortgage. . . . The motion to substitute plaintiff is appropriate because NewAlliance [Bank], having merged into and been succeeded by First Niagara, is no longer the proper plaintiff to be named in the present action. First Niagara is the real party in interest with respect to this foreclosure action because it is now the owner and holder of the note and mortgage as a result of the merger. See General Statutes § 33-820 (a) (4)." The court also determined that First Niagara had complied with the statutory notice requirements of General Statutes § 47-12 when it filed the certificate of name change with the town clerk of Glastonbury.

On appeal, the defendants' sole claim is that the court improperly denied their request for an evidentiary hearing with respect to the motion to substitute First Niagara for NewAlliance Bank. We are not persuaded that the court was required to hold such a hearing in the present case.

General Statutes § 33-820 provides in relevant part: "(a) When a merger becomes effective: (1) The corporation or other entity that is designated in the certificate of merger as the survivor continues or comes into existence, as the case may be; (2) The separate existence of every corporation or other entity that is merged into the survivor ceases; (3) All liabilities of each corporation or other entity that is merged into the survivor are vested in the survivor; (4) *All property owned by, and every contract right possessed by, each corporation or*

*other entity that merges into the survivor is vested in the survivor without reversion or impairment . . . ."* (Emphasis added.) See also *Ferrato* v. *Webster Bank,* 67 Conn. App. 588, 589 n.1, 789 A.2d 472, cert. denied, 259 Conn. 930, 793 A.2d 1084 (2002).

This case does not involve the assignment of the note or mortgage; it involves the merger of NewAlliance Bank with and into First Niagara. Attached to the motion to substitute were copies of the certificate of change of name, filed with the town of Glastonbury, and the certificate of merger from the Comptroller of the Currency. The defendants have failed to provide this court with any authority supporting their claim that due process required an evidentiary hearing under these circumstances. Moreover, pursuant to § 33-820 (a) (4), all property owned by, and all contract rights possessed by NewAlliance Bank were vested in First Niagara following the merger. This included both ownership of and the right to enforce both the note and mortgage. The defendants, in their objection to substitute, merely requested a hearing and the presence of a witness who could testify as to the merger and that First Niagara had "assumed title to the mortgage that is the basis of this foreclosure action"; they never raised any factual issues concerning the validity of the merger itself. We conclude, under the facts and circumstances of this case, that the lack of an evidentiary hearing did not deprive the defendants of the right to due process.

The judgment is affirmed.