******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

VALLEY NATIONAL BANK *v.* PRIVATE
TRANSERVE, LLC, ET AL.
(AC 39542)

Prescott, Elgo and Harper, Js.

*Syllabus*

The plaintiff bank commenced this action seeking to foreclose two mort-
    gages on certain properties owned by the defendant P Co. that secured
    a revolving promissory note, and to enforce personal guarantees of P
    Co.'s debts that were executed by the defendants J and T. The trial
    court denied the defendants' motion to dismiss in which they challenged
    the plaintiff's standing. Subsequently, the plaintiff withdrew its foreclo-
    sure counts and filed an amended complaint seeking to enforce only
    the personal guarantees. The court granted the plaintiff's motion for
    summary judgment as to liability only and, following a hearing in dam-
    ages, rendered judgment in favor of the plaintiff, from which J and T
    appealed to this court. They claimed, inter alia, that genuine issues of
    material facts existed regarding the plaintiff's ownership of the debt
    and that the plaintiff lacked standing. *Held* that the claims of J and T
    that the plaintiff lacked standing were properly rejected by the trial
    court, as the record reflected that the plaintiff established through docu-
    mentary and other evidence that it was the owner of the debt when this
    action was commenced, and to the extent that J and T, on appeal, relied
    on certain evidence to support their claim that the plaintiff did not own
    the debt, that evidence merely cast doubt on whether this action was
    initiated under the proper corporate name, which was never raised
    before the trial court, and any such defect was amenable to correction
    and did not implicate the plaintiff's standing; moreover, the trial court's
    decision granting the plaintiff permission to file a third amended com-
    plaint and its evidentiary rulings at the hearing in damages were discre-
    tionary in nature and entitled to deference, and J and T failed to
    demonstrate that any of those rulings relied on clearly erroneous factual
    findings or a misapprehension of the law, or that the court otherwise
    abused its discretion.

Argued November 28, 2017—officially released January 30, 2018

*Procedural History*

Action, inter alia, to foreclose a mortgage on certain
real property owned by the named defendant, and for
other relief, brought to the Superior Court in the judicial
district of Fairfield, where the defendant Geoffrey Minte
et al. were defaulted for failure to plead; thereafter,
the court, *Tyma, J.*, denied the defendants' motion to
dismiss; subsequently, the court, *Hon. Alfred J. Jen-
nings*, judge trial referee, granted the plaintiff's motion
for summary judgment as to liability; thereafter, the
plaintiff withdrew the counts of the complaint seeking
foreclosure; subsequently, following a hearing in dam-
ages, the court, *Wenzel, J.*, rendered judgment for the
plaintiff, from which the defendant John Tartaglia et
al. appealed to this court. *Affirmed.*

*John Tartaglia*, self-represented, with whom, on the
brief, was *Linda Tartaglia*, self-represented, the appel-
lants (defendant John Tartaglia et al.).

*Andrew M. McPherson*, with whom, on the brief, was
*William J. Kupinse, Jr.*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. In this action seeking, inter alia, to enforce a personal guarantee of a mortgage note, the defendants John Tartaglia and Linda Tartaglia,[1] against whom summary judgment as to liability only was rendered, appeal following a hearing in damages from the court's award of $967,467.59 in favor of the plaintiff, Valley National Bank. On appeal, the defendants argue that the court improperly (1) denied their motion to dismiss the action, in which they alleged that the plaintiff was not the owner of the debt at the time the action was commenced and, thus, lacked standing to prosecute the action; (2) granted summary judgment as to liability only despite the defendants' insistence that genuine issues of material facts existed regarding the plaintiff's ownership of the debt; (3) permitted the plaintiff to amend the complaint after summary judgment despite the defendants' contention that the amendment added a new cause of action; and (4) made several evidentiary rulings against the defendants at the hearing in damages. We are not persuaded by the defendants' claims and, accordingly, affirm the judgment of the court.

The record reveals the following relevant facts and procedural history. The plaintiff commenced the underlying action in January, 2011. The initial complaint contained three counts. The first two counts sought to foreclose mortgages on two multifamily residential properties located in Bridgeport. The mortgages were executed by Private Transerve, LLC, as security for a revolving building promissory note of up to $500,000. The third count sought money damages based upon breach of an unconditional guarantee of the debts of Private Transerve, LLC. The guarantee was executed by the defendants and Geoffrey Minte.

On May 31, 2013, the plaintiff filed a motion for summary judgment as to liability only. The defendants, Minte, and Private Transerve, LLC, filed an opposition. On October 23, 2013, after argument on the motion for summary judgment but prior to the court acting on that motion, the defendants, Minte, and Private Transerve, LLC, filed a motion to dismiss the action, claiming that the plaintiff lacked standing to bring the action, and, thus, the court lacked subject matter jurisdiction. The plaintiff opposed the motion to dismiss.

On August 15, 2014, the court, *Tyma, J.*, issued a decision denying the motion to dismiss. The court rejected all arguments that the plaintiff did not own the debt at the time the action was commenced in January, 2011, finding on the basis of the pleadings, affidavits, and other proof in the file that the note and mortgages initially had been assigned from the original lender, PAF Capital, LLC, to The Park Avenue Bank, and then, in June, 2010, were assigned to the plaintiff by the

Federal Deposit Insurance Corporation acting as receiver for The Park Avenue Bank. The court moreover rejected all claims that there were problems affecting the validity of the aforementioned assignments.

On August 17, 2015, the court, *Hon. Alfred J. Jennings*, judge trial referee, issued a decision granting the motion for summary judgment as to liability only on all counts of the complaint. The court again rejected all arguments regarding the plaintiff's lack of standing to prosecute the action, indicating that the original signed note had been presented and reviewed by the court and the defendants at the hearing on the motion for summary judgment. The court concluded that the plaintiff had made "an adequate showing of the prima facie elements of its case for foreclosure and breach of guaranty: ownership of the loan, default of payment, and notice of breach."[2]

During the pendency of the underlying action, the two properties at issue were foreclosed in separate actions brought by Bridgeport's water pollution control authority. In each of those actions, the plaintiff exercised its right to redeem each of the properties on its assigned law day. As a result, the plaintiff acquired title to the properties and rendered moot its own foreclosure counts in the present action. Each time the plaintiff acquired a property, it filed an amended complaint removing the related foreclosure count, eventually leaving a single count complaint seeking money damages on the basis of the defendants' breach of the personal guarantee of the debt. The last such amendment was the third amended complaint, to which the defendants objected, arguing, inter alia, that the plaintiff was attempting to correct defects in its prior pleadings or to change the cause of action alleged. The court overruled the defendants' objection and permitted the amendment.

A hearing in damages was held by the court, *Wenzel, J.*, on July 26 and August 2, 2016. John Tartaglia appeared as a self-represented party at the hearing. Linda Tartaglia and Minte did not appear. On August 11, 2016, the court issued a memorandum of decision awarding joint and several damages totaling $967,467.59 against the defendants and Minte. This appeal followed.[3]

On appeal, the defendants raise a number of claims, none of which warrants significant discussion. The court's granting of permission to file the third amended complaint and its evidentiary rulings at the hearing in damages were discretionary in nature and are entitled to deferential review. The defendants have failed to demonstrate that any of these rulings relied upon clearly erroneous factual findings or a misapprehension of the law, or that the court otherwise abused its discretion.

As they have argued throughout these proceedings, the defendants continue to maintain that the plaintiff

lacked standing to bring this action against them. Most of the arguments are identical to those raised in conjunction with both the motion to dismiss and the motion for summary judgment. On the basis of our review of the record provided, as well as the briefs and arguments of the parties, we are convinced that the claims raised before the trial court regarding standing lack merit and were properly rejected by the court for the reasons provided in its memoranda of decision. In short, the record reflects that the plaintiff established through documentary and other evidence that it was the owner of the debt at the time this action was commenced, and it would serve no useful purpose to engage in further discussion.

The defendants attempt to breathe new life into their standing claim on appeal by bringing to our attention certain testimony provided by the plaintiff's agent at the hearing in damages in response to his cross-examination by John Tartaglia. In that testimony, the plaintiff's agent appears to agree with John Tartaglia's suggestion that the debt at issue was owned in 2010 by a corporate entity, VNB New York, Corp., that merged into and became the plaintiff sometime in 2011.[4] The defendants suggest that this response amounted to an admission that the plaintiff did not own the debt when the action was initiated. Rather than truly implicating the plaintiff's standing, however, the defendants' argument seems only to cast doubt on whether the action was initiated under the proper corporate name, an issue never raised to the trial court. If such a defect exists here, which is not entirely clear from the record before us, it was amenable to correction in accordance with General Statutes § 52-109 and Practice Book § 9-20, and does not implicate the plaintiff's status as the owner of the debt or its standing to prosecute this action. See *NewAlliance Bank* v. *Schaeppi*, 139 Conn. App. 94, 97–98, 54 A.3d 1058 (2012) (distinguishing between challenges implicating proper assignment of note or mortgage between distinct parties and nomenclature problems arising from mergers and corporate name changes), cert. denied, 307 Conn. 948, 60 A.3d 737 (2013).

Having thoroughly reviewed the record and the arguments of the parties, we conclude that the defendants have not met their burden of proving any of the claims raised on appeal.

The judgment is affirmed.

[1] Geoffrey Minte, Private Transerve, LLC, and Randall Properties, LLC, also are named as defendants in the underlying action, but they did not participate in the present appeal, and, thus, all references to the defendants in this opinion are to the Tartaglias only. The remaining defendants are referred to by name.

[2] We note that the motion for summary judgment filed by the plaintiff only asked the court for a finding as to liability on the foreclosure counts. Nonetheless, in its decision, the court also granted summary judgment as to liability on the third count based on the personal guarantee. The defendants have not raised this discrepancy as an issue in the present appeal, or

argued that the trial court exceeded its authority or otherwise committed reversible error in this regard. Absent extraordinary circumstances not present here, this court limits its review to those claims of error actually raised and adequately briefed by the parties. See *Blumberg Associates Worldwide, Inc.* v. *Brown & Brown of Connecticut, Inc.*, 311 Conn. 123, 161–64, 84 A.3d 840 (2014); see also id., 164 ("our system is an adversarial one in which the burden ordinarily is on the parties to frame the issues, and the presumption is that issues not raised by the parties are deemed waived").

[3] John Tartaglia, who is not an attorney, initially filed this appeal as a self-represented party, purportedly on his own behalf and on behalf of Linda Tartaglia. Linda Tartaglia subsequently filed a joint appeal consent form in compliance with Practice Book § 61-7 (a) (3). The defendants submitted a joint brief.

[4] We note that the transcript of the August 2, 2016 proceeding indicates that John Tartaglia misstated to the witness that the complaint had been filed in 2010. The record, however, shows that it was filed in February, 2011, shortly after this action was commenced.